FRANK C. STACKPOLE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk,    December 11, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence. Street Railway. Practice, Civil,* Exceptions.

If a boy eleven years of age on his way to school has occasion to cross a city street with parallel tracks on which he knows that electric cars run in both directions, and, seeing a car on the track nearer to him, waits for it to pass and then runs at a trot across the track behind this car, when he is struck and injured by a car coming from the opposite direction on the track beyond, which was concealed from his view by the first car, he is not in the exercise of due care, and cannot recover for his injuries from the corporation operating the car which struck him even if such operation was negligent.

In an action against a street railway company for personal injuries alleged to have been caused by the negligence of the defendant, if the presiding judge orders a verdict for the defendant, and the plaintiff in a bill of exceptions states evidence by which it appears that when the injuries were incurred the plaintiff was not in the exercise of due care, his exceptions to the exclusion of evidence upon the question of the defendant's negligence are immaterial and need not be considered by this court.

TORT by a boy against a street railway company for injuries incurred by reason of the alleged negligence of the servants of the defendant on April 22, 1904, in running down the plaintiff on Cross Street in Somerville, between Oliver Street and the Edgerly School in that city, where the defendant maintained two tracks respectively for outward bound and inward bound cars.   Writ dated May 18, 1904.

At the trial in the Superior Court before *Sherman,* J. the following facts appeared in regard to the conduct of the plaintiff: ·The plaintiff at the time of the accident was eleven years of age, and the accident happened while he was on the way from his home to his school.   He was standing upon the sidewalk nearer the inward track of the defendant on Cross Street at a point opposite the end of the sidewalk of Everett Avenue, which enters Cross Street on the other side from that on which the plaintiff was standing.   This point he testified also was opposite a stopping place for the defendant's inward bound cars.   The plaintiff before leaving the sidewalk looked up and down Cross Street.   In the direction from which the outward bound cars came he saw nothing down the street.   Looking the other way he saw a team standing in the street.   He saw an inward bound car on the track nearer him, and about opposite him.   The plaintiff waited for this inward bound car to pass and then trotted ·across the street behind this car.   He passed the rear end of the inward bound car and when he reached the nearer rail of the track for outward bound cars saw for the first time an outward bound car approaching him about twelve feet away coming, in his estimation, at the rate of twelve or thirteen miles per hour, which was faster than permitted by the city ordinances of Somerville.   The plaintiff endeavored to draw back, but before he could escape he was struck, the lower half of his body being thrown under the fender of the car, in which position he was pushed a distance of five or six feet.

On cross-examination the plaintiff testified that at the time of the accident he had been attending this same school since the previous September, and that he used to go over this same route four times a day, and was obliged to cross the street at some point or another between Oliver Street and the school, but could cross at one place as well as another; that he was well ac-

quainted with this street all along, and knew that cars ran frequently in both directions, and had seen them many times ; that upon the day of the accident, it was sunshiny weather, and that the street was straight and level, so that he could see way down to Broadway from the point where he crossed over; that he saw a car coming in town and was running alongside of it on the sidewalk.  He then testified as follows: " When I was running ahead I was at the head platform, nearly, and then when I got down there I stopped to let it go by, and then I looked both ways.  Q. But you didn't look both ways until you stopped to let it go by?  A. No, sir. — Q. And at that time the car was between you and the car that was coming the other way?  A. Yes, sir. — Q. And then you turned and attempted to cross over? A. Yes, sir. — Q. And you were running then, when you went across the street; after you had looked and started to go across, you were running?  A. I wasn't running fast ; I was trotting."

At the close of the plaintiff's evidence the judge ordered a verdict for the defendant " on account of the plaintiff's lack of due care at the time of the injury."  The plaintiff alleged exceptions to the ruling of the judge, and also to his exclusion of certain evidence upon the question of the defendant's negligence.

*A. L. Richards*, (*T. Eaton* with him,) for the plaintiff.

*J. F. Berry*, for the defendant, was not called upon.

SHELDON, J.  Upon the evidence, this accident was due to the plaintiff's own negligence.  He was upon the sidewalk of an open street, and started to " trot " across the street, where he knew that there were double electric railway tracks, immediately behind a car upon the track nearest to him.  His view of the street was wholly unobstructed.  He testified that he looked both ways before starting to cross, and did not see the car that struck him until he had got upon that track.  But he was familiar with the street, accustomed to cross it four times a day, and fully understood the danger of so doing.  He claimed that his view of the car that struck him was obstructed by the car upon the other track.  But if so, he knew of the obstruction, and yet he chose to go across the street on a trot, so that when he became aware of the approaching car he had not time to get out of the way. It cannot be said that he was exercising such care as could be expected of one of his years, because, though aware of the danger,

he was exercising no care whatever to guard against it. If the defendant's car had been going a little faster, he would have run into its side instead of getting in front of it; but we cannot see that he is in any better case to maintain his action than he would have been in that event. He simply took a risk, and he has no right to throw the consequences upon the defendant. *Murphy* v. *Boston Elevated Railway*, 188 Mass. 8. *Young* v. *Small*, 188 Mass. 4. *Morey* v. *Gloucester Street Railway*, 171 Mass. 164. *Mullen* v. *Springfield Street Railway*, 164 Mass. 450. And see *Bartlett* v. *Worcester Consolidated Street Railway*, 189 Mass. 360; *Saltman* v. *Boston Elevated Railway*, 187 Mass. 243.

The evidence excluded could have been competent only on the question of the defendant's negligence. But as the plaintiff was not himself in the exercise of proper care, this question was immaterial, and the plaintiff was not harmed by the exclusion of the evidence. *Oak Island Hotel Co.* v. *Oak Island Grove Co.* 165 Mass. 260. *Sullivan* v. *Lowell & Dracut Street Railway*, 162 Mass. 536. Accordingly, we need not consider whether it would have been competent for any purpose. *Wolcott* v. *Smith*, 15 Gray, 537.

*Exceptions overruled.*