MARGARET MADDEN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    January 21, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence.    Street Railway.*

If a woman after alighting from an electric car goes around the back of it and
attempts to cross the parallel track in front of a car which she sees approach-
ing on that track "rather fast" a little more than a car length away, thinking
that she has plenty of time to get across and relying on the expectation that
the motorman will lessen the speed of the car, and deciding to "chance it," she
is not in the exercise of due care, and if she is knocked down by the car she
cannot recover from the company operating it for injuries thus caused, even if
the motorman was negligent.

TORT for personal injuries from being struck by an incoming
electric car of the defendant on Washington Street in Boston
after alighting from an outgoing car.    Writ dated November 15,
1901.

In the Superior Court the case was tried before *Bishop,* J.
The plaintiff was about sixty years of age.    She testified that on
May 23, 1901, she was a passenger upon an outbound open car
of the defendant and was going to the Pope's Jubilee in the Ca-
thedral on Washington Street; that the car stopped at Union
Park Street, the stopping place for the Cathedral, and the
plaintiff got off; that she got off on the right hand side and went
right around the rear end of the car.    She described the acci-
dent as follows: "I come round the rear end of the car and
stepped into the space between, looked up and saw this car.    I
came round the rear end of the car and stepped into the space
and saw the car a little distance and I thought I had plenty of
time to step over.    People commenced to screech and scream
and I got kind of confused and the next thing I knew the car
was right up on me and pitched me."

On cross-examination the plaintiff said that she used to go
to the Cathedral frequently and used to go the same way by
car; that she was familiar with the way there and the way
the cars ran, and that she always used to get off at about the

same place, Union Park Street, and then walked across to the Cathedral.

Other evidence is described in the opinion.

At the close of the plaintiff's evidence the judge ruled that the evidence would not warrant a verdict for the plaintiff, and ordered a verdict for the defendant, which was returned by the jury. At the request of the parties he reported the case for determination by this court. If the ruling and direction were right the verdict was to stand ; otherwise it was to be set aside and a new trial was to be granted.

*H. C. Long*, for the plaintiff.

*C. F. Choate, Jr.*, for the defendant, submitted a brief.

MORTON, J. It is plain, we think, that the plaintiff was not in the exercise of due care. She attempted to cross the track in front of a car which was a car length or a little more away and which was coming as she testified "rather fast," and was struck and knocked down before she got across. She testified, amongst other things, as we understand her testimony, that she thought that she had plenty of time to get across, and she relied on the motorman slowing or slackening up and she chanced it. She was familiar with the way cars ran in that locality and there was no exigency which compelled her to cross the track as she attempted to do. She "chanced it" as she testified, and as is evident was the case and as many people do under similar circumstances, and though it may be hard for her, she must take the consequences. *Stackpole* v. *Boston Elevated Railway*, 193 Mass. 562. *Mathes* v. *Lowell, Lawrence, & Haverhill Street Railway*, 177 Mass. 416. It is unnecessary to consider whether there was evidence of negligence on the part of the motorman.

*Exceptions overruled.*