DENNIS J. CALLAGHAN *vs.* BOSTON ELEVATED RAILWAY.
COMPANY.

Suffolk.    November 13, 1908. — January 6, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence.*

If a cripple about sixty years of age, who walks with a crutch very slowly, while on his way home on a bright clear evening and about to cross a well lighted and unobstructed street, sees, before leaving the sidewalk, a lighted electric car approaching from a considerable distance at the rate of from six to nine miles an hour, and thereupon, thinking that he has time to cross, without looking again toward the car and without heeding a loud warning cry from a person attempting to rescue him, walks in front of the car and is struck and injured, he is not in the exercise of due care.

TORT for personal injuries sustained by the plaintiff from being struck by a car of the defendant while walking across Sixth Street in that part of Boston called South Boston at about ten o'clock on the evening of September 25, 1905, as described in the opinion. · Writ dated December 16, 1905.

At the trial in the Superior Court before *Schofield,* J., the evidence disclosed the facts which are stated in the opinion.

At the close of the evidence, the defendant asked the judge to order a verdict for the defendant, but the judge submitted the case to the jury, in pursuance of an agreement by counsel on both sides, under instructions to which no exception was taken. The jury returned a verdict for the plaintiff in the sum of $1,950. Upon motion of the defendant this verdict was set aside on the ground that the plaintiff, as a matter of law, was not in the exercise of reasonable care, in that the evidence required a finding of fact that, after he first saw the car and started to cross the street, he took no further precautions for his own safety.    In pursuance of a stipulation made at the trial, as a part of the agreement of counsel above mentioned, the judge reported the case for determination by this court.    If the ruling of the judge was right, judgment was to be entered for the defendant.    If the ruling was erroneous, judgment was to be entered for the plaintiff for the amount of the verdict, with interest from its date.

*W. J. O'Donnell,* for the plaintiff.

*S. H. E. Freund,* for the defendant.

KNOWLTON, C. J.   The only question in this case is whether there was evidence that the plaintiff was in the exercise of due care.   He was a man of about sixty years of age who, by reason of a spinal disease, had been a cripple all his life, and walked slowly with a crutch.   The accident happened at the corner of C Street and Sixth Street in South Boston, which streets cross each other at right angles, C Street running nearly north and south and Sixth Street running nearly east and west.   Sixth Street is fifty feet and four inches wide between the outer lines on each side, and thirty-four feet wide from curb to curb. There is a single line of railway tracks in each street.   The accident happened on September 25, at about ten o'clock in the evening of a bright, clear night, at a place which was well lighted by electricity.   The plaintiff was about to cross on the easterly side of C Street over Sixth Street towards the south. There was no team or vehicle of any kind in the vicinity except the car that struck him, and the street was straight, and free from obstructions between him and the car all the time that he was there before the accident.   According to his own testimony, when he was about to leave the sidewalk on the northerly side of Sixth Street he looked up the street and saw a lighted car a considerable distance away, and he thought he had time to cross. According to the testimony the car was coming pretty fast, but the highest estimate of its speed given by any of the witnesses was nine miles an hour.   Others estimated it at about six miles an hour.   He started to cross the street, walking very slowly with his crutch, and according to his testimony he did not look again or pay any attention to the approaching car before it struck him.   He lived on the southerly side of Sixth Street, just westerly of C Street, and the testimony of his witnesses shows that, after leaving the sidewalk to cross over, he turned away from the cross walk and started to go diagonally towards his house.   One of his witnesses who stood on the southerly side of Sixth Street testified that when the plaintiff got within four or five feet of the track the witness saw that he was in danger of being struck, and called out to him, "Hi, hi!", in a loud tone, and started to run to his assistance; that when he

reached him the car had just struck him; that he "just got a hold of him by the arm and pulled him as the car struck him." Another witness, called by the plaintiff, who was standing near this witness, testified to substantially the same facts. Although both the witnesses said that the warning was given in a loud tone, the plaintiff paid no attention to it. It was undisputed that there was no other noise except that of the approaching car.

The plaintiff's crippled condition called for peculiar care in crossing before an approaching car. The undisputed evidence indicates that he took no care from the time when he saw the car from the sidewalk until after the accident. The language of the opinion in *Holian* v. *Boston Elevated Railway*, 194 Mass. 74, is peculiarly applicable to the evidence in this case, and the decisions in *Stackpole* v. *Boston Elevated Railway*, 193 Mass. 562, *Fitzgerald* v. *Boston Elevated Railway*, 194 Mass. 242, *Madden* v. *Boston Elevated Railway*, 194 Mass. 491, *Casey* v. *Boston Elevated Railway*, 197 Mass. 440, and *Byrne* v. *Boston Elevated Railway*, 198 Mass. 444, justify the presiding judge in setting aside the verdict for the plaintiff.

*Judgment for the defendant.*