NELLIE E. HAYNES, administratrix, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

SAME *vs.* SAME.

Middlesex.    November 17, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Due care of plaintiff, In use of highway, Street railway.

If a man, after alighting from an electric street car in a street containing parallel
tracks and after passing over the track behind the car from which he has alighted,
proceeds to cross the second track and, when he is between the rails of that
track, is struck by a car coming at the rate of fifteen miles an hour from a
direction opposite to that in which he has been travelling, and if this happened
in the daytime in fair weather and the street was nearly level and straight for
a distance of at least one hundred and eighty feet, and there was nothing to
obstruct the view or distract the attention of the person struck, who, when he
was in the middle of the track on which he had been travelling, turned his head
toward the direction from which the car that struck him was approaching and
continued walking diagonally across the second track until he was struck, he
must necessarily have been negligent, for he either saw the car approaching
and took his chances of getting past the place of danger or looked so carelessly
that he failed to see what was before his eyes.

TWO ACTIONS OF TORT, by the executrix of the estate of
George G. Haynes, respectively at common law and under R. L.
c. 111, § 267, for the conscious suffering and death of the plain-
tiff's intestate alleged to have been caused by the negligence
of the defendant and the gross negligence of its servants, by
reason of which the plaintiff's intestate was run down by an
inward bound electric street car of the defendant on Beacon
Street in Somerville, while he was crossing a track of the de-
fendant on the afternoon of May 18, 1905.    Writs dated January
22 and January 11, 1906.

In the Superior Court the cases were tried together before
*Bishop,* J.    The facts shown by the evidence upon the issue of
the due care of the plaintiff's intestate are stated in the opinion.
At the close of the plaintiff's evidence the judge ordered a ver-
dict for the defendant in each of the cases; and the plaintiff
alleged exceptions.

*H. N. Allin,* (*B. E. Kemp* with him,) for the plaintiff.

*H. D. McLellan,* for the defendant.

RUGG, J.  These are two actions of tort, in one of which damages are sought for the conscious suffering of George G. Haynes, and in the other for his death under R. L. c. 111, § 267. In both actions the plaintiff is bound to show that the intestate was in the exercise of due care.

The accident occurred between half past four and five o'clock in the afternoon of May 18, 1905, on Beacon Street in Somerville, on the surface of which were two tracks for trolley cars. The weather was fair.  The plaintiff's intestate had been a passenger upon an outbound car from which he alighted while it was in slow motion, and it proceeded on its course without having come to a stop.  He was perfectly familiar with the street and lived near by.  He turned and crossed the track, over which he had come, behind the car, and when about in the middle of that track turned his head toward the direction whence the car came which struck him, and continued walking diagonally across, and when on the other track was struck by a car going in the opposite direction from the one he had left, and received mortal injuries.  There was nothing to obstruct his view or distract his attention.  The street was nearly level and straight for a distance of at least one hundred and eighty feet, according to all the witnesses, and within this distance was the car which struck him at the time he left the car upon which he had been a passenger.  The evidence was not definite as to just where the car was immediately before he stepped into danger, but its rate of speed was described by one witness as fifteen miles an hour, and as the intestate was struck while he was between the rails, it must have been close upon him.  There is no reason why, if he had looked in that direction, he should not have seen the on-coming car.  It was in plain sight.  It was moving rapidly.  He either saw the car and took his chances of getting past the place of danger or looked so carelessly as to fail to see what was before his eyes.  In either event, he was not in the exercise of due care.

The case is governed by several recent decisions, and involves no principle of law not discussed in them.  *Madden* v. *Boston Elevated Railway,* 194 Mass. 491.  *Casey* v. *Boston Elevated Railway,* 197 Mass. 440.  *Stackpole* v. *Boston Elevated Railway,* 193 Mass. 562.  *Beirne* v. *Lawrence & Methuen Street Railway,*

197 Mass. 173. *Fitzgerald* v. *Boston Elevated Railway*, 194 Mass. 242. *Callaghan* v. *Boston Elevated Railway*, 200 Mass. 450. *Cohen* v. *Boston Elevated Railway*, 202 Mass. 66.

*Exceptions overruled.*