JOHN J. KENNEDY, administrator, *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.   October 2, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Negligence,* Due care of plaintiff, Street railway.

In an action by an administrator against a street railway corporation for causing the death of the plaintiff's intestate, it appeared that the intestate had alighted from a car of the defendant and passed back of it to cross the parallel track of the defendant's road, and that almost immediately as he stepped on that track he was struck and killed by a car of the defendant coming from the opposite direction from that in which he had been travelling.   There was evidence that just before alighting he looked up the street to see whether a car was coming and saw none, and it was agreed that at the place of the accident one could see for a distance of a thousand feet in the direction from which the car that struck the plaintiff's intestate came.   *Held,* that, if the car that struck the plaintiff's intestate was in sight when he looked, he must have looked carelessly not to see

it, and that, if it was not in sight, it must have been hidden by the car from which the plaintiff alighted and he must have been aware of the obstruction to his vision and yet have chosen to go upon the other track without further concern and to put himself in such a position that when he saw the danger there was no way to escape, and, therefore, that there was no evidence for the jury that the plaintiff's intestate at the time of the accident was in the exercise of due care. One, who on alighting from an electric street car passes behind it and immediately starts to cross a parallel track of the street railway, on which he knows that a car may come at any moment, without taking any heed to see whether such a car is coming, and steps upon this track so nearly in front of an approaching car that an accident is inevitable, is negligent as matter of law.

TORT by the administrator of the estate of James J. Kennedy, late of Worcester, for causing the death of the plaintiff's intestate from injuries sustained by him on June 3, 1908, by reason of the alleged negligence of the servants and agents of the defendant in the operation of its street railway. Writ dated December 21, 1908.

In the Superior Court the case was tried before *Fessenden*, J. The material facts shown by the plaintiff's evidence are stated' in the opinion. At the close of the plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*J. A. Thayer*, for the plaintiff.

*C. C. Milton*, for the defendant.

SHELDON, J. The plaintiff's intestate left an outward or southbound car of the defendant, went around the back of the car, attempted to cross the tracks, and was struck upon the further track by a car going northward toward Worcester, receiving the injuries which caused his death. It is contended that he was not in the exercise of due care. He was struck by the northbound car almost immediately after stepping upon the further track.

If he went behind the car from which he alighted without looking to see whether a car was coming upon the other track, without concerning himself with that question, but taking his chances of the motorman of such other car seeing him and stopping in season to avoid running into him, plainly he was not exercising due care. *Madden* v. *Boston Elevated Railway*, 194 Mass. 491. *Casey* v. *Boston Elevated Railway*, 197 Mass. 440. *Cohen* v. *Boston Elevated Railway*, 202 Mass. 66. *Willis* v.

*Boston & Northern Street Railway*, 202 Mass. 463. But there was evidence that just before alighting he looked up the street to see whether a car was coming, and saw none. In view however of the fact which, because the plan mentioned at the end of the exceptions had been lost, was agreed at the argument in this court, that at the place of the accident one looking south along the tracks could see for a distance of a thousand feet, it is manifest that either the car that struck him must have been in plain sight when it was contended that he looked, or it must have been in such a position as to be hidden from sight by the car in which the intestate then was. In the former case, either the intestate did not look at all, or he must have looked carelessly. *Donovan* v. *Lynn & Boston Railroad*, 185 Mass. 533, 534, 535. *Fitzgerald* v. *Boston Elevated Railway*, 194 Mass. 242, 243. *Birch* v. *Athol & Orange Street Railway*, 198 Mass. 257. *Haynes* v. *Boston Elevated Railway*, 204 Mass. 249. In the latter case, he must have been aware of the obstruction to his vision, and yet he chose to go upon the other track and without further concern to put himself in such a position that when he saw the danger he had no way of escape. *Stackpole* v. *Boston Elevated Railway*, 193 Mass. 562, 564. *Callaghan* v. *Boston Elevated Railway*, 200 Mass. 450. *Tognazzi* v. *Milford & Uxbridge Street Railway*, 201 Mass. 7. *Cohen* v. *Boston Elevated Railway*, 202 Mass. 66.

In most of the cases relied on by the plaintiff, the injured person had taken some precautions for his own safety, such as, with the care from others that he had a right to expect them to exercise, a jury was warranted in finding to be all that ordinary prudence on his part required. *Kinsley* v. *Boston Elevated Railway*, 209 Mass. 467, 468, 469. Here, he was put on his guard; for he knew of the other track; he knew that the coming of a car upon that track might happen at any moment; and he stepped upon the track so nearly in front of the car that the accident was inevitable. This appears from the fact that he said to the physician who attended him, that " as he got off and came around back of it [the car] he was struck by the other car," that " as soon as he came around the car the car was upon him ; " to Callahan, " The first thing I knew I was struck by the Springfield car ; " and to his father, that "he got off the car, went around the rear and was struck like a flash."

Without considering the somewhat doubtful question of negligence in the operation of the defendant's car, the majority of the court are of opinion that it could not have been found that the plaintiff's intestate was in the exercise of due care. The verdict for the defendant was rightly ordered.

*Exceptions overruled.*