JOSEPH GOLDBERG *vs.* BOSTON ELEVATED RAILWAY COMPANY.

LOUIS GOLDBERG *vs.* SAME.

Suffolk.    March 8, 1912. — May 23, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* Street railway, In use of highway.

In an action against a corporation operating a street railway for personal injuries, there was evidence that the plaintiff, who was a little more than ten years of age and of average intelligence, was crossing a street on which there were parallel tracks of the defendant over which he knew that cars frequently were passing in each direction, that above the tracks was a structure for elevated trains, that it was about eight o'clock on an evening in April more than a hour after sunset and was not very dark, that the plaintiff passed behind a car on the nearer track, looked around that car and saw no car coming on the farther track, that he went upon that track and, when he nearly had crossed it, was struck by a car moving rather rapidly on which there was no light and on which no gong was sounded. *Held,* that the question whether the plaintiff was in the exercise of due care was for the jury.

Two ACTIONS OF TORT, the first by a boy, ten years and four months of age when injured, for personal injuries sustained on the evening of April 10, 1909, when the plaintiff was crossing Washington Street in Boston upon a cross walk at its intersection with Thorndike Street, and the second action by the father of the plaintiff in the first for loss suffered by reason of his injuries. Writs dated respectively April 28 and June 11, 1909.

In the Superior Court the cases were tried together before *Dubuque*, J., who refused to order verdicts for the defendant and submitted the cases to the jury. The jury returned verdicts for the plaintiffs, in the first case in the sum of $900 and in the second case in the sum of $40. The defendant alleged exceptions.

*C. Brewer*, for the defendant.

*J. J. Mansfield*, for the plaintiffs.

SHELDON, J. It is conceded that there was evidence of negligence for which the defendant was responsible. The right of each plaintiff to recover depends therefore upon the question whether the jury were warranted in finding that Joseph Goldberg was in the exercise of due care.

He was a boy of a little more than ten years of age and was then of average intelligence. He undertook to cross Washington Street in Boston, where the defendant operated two tracks of its electric railway, and cars were frequently passing thereon in each direction, as he knew. It was about eight o'clock in the evening. He passed behind one car, on the track nearer to the sidewalk which he had left, looked around that car but saw no car coming on the farther track, went upon that track and was hit by a car coming thereon. There was no light upon that car and no gong was sounded upon it, but the street was unobstructed.

If these were all the facts, and if the accident had happened in daylight and there had been nothing to interfere with his view of the approaching car, it would be difficult to say that he could be found to have acted with the due regard for his own safety which is to be expected even from one of his tender age. *Stackpole* v. *Boston Elevated Railway*, 193 Mass. 562. *Holian* v. *Boston Elevated Railway*, 194 Mass. 74. *Casey* v. *Boston Elevated Railway*, 197 Mass. 440. But it was more than an hour after sunset, and the defendant's elevated structure must have tended more or less to darken that part of the street upon which the surface tracks

were laid. How far this was remedied by the fact that it was not very dark, was for the jury to say. He had nearly crossed the farther track when he was hit. The car that hit him was moving rather rapidly.

We have taken on these matters the view of the evidence which is most favorable to the plaintiff, as upon these exceptions we are bound to do. And it was for the jury to determine the effect of any inconsistencies in his testimony. *Picquett* v. *Wellington-Wild Coal Co.* 200 Mass. 470, 473. *Doon* v. *Felton,* 203 Mass. 267, 270. On the whole case, as was said in *Sellon* v. *Boston Elevated Railway,* 208 Mass. 507, 509: "It does not quite appear to be impossible to reach any other rational conclusion than that the plaintiff was careless." And see *Purtell* v. *Jordan,* 156 Mass. 573, 577; *Magner* v. *Boston Elevated Railway,* 209 Mass. 60; *Berry* v. *Newton & Boston Street Railway,* 209 Mass. 100; *Purcell* v. *Boston Elevated Railway,* 211 Mass. 79. The exceptions must be overruled.

*So ordered.*