HELEN KOUYOUMJIAN *vs*. BOSTON ELEVATED RAILWAY COMPANY.
ZABELL TAHNIZIAN *vs*. SAME.
DICKRAN TAHNIZIAN *vs*. SAME.

Suffolk.   March 15, 1912. — May 24, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence*, In use of highway.

At the trial of an action by a woman against a street railway company for personal injuries caused by a street car of the defendant running into the plaintiff, it appeared that in the forenoon of a clear day the plaintiff, holding by the hand a granddaughter four years of age and followed by her daughter and another grandchild, was about to cross upon a cross walk a street upon which the defendant maintained double tracks, that the plaintiff had an unobstructed view of the tracks for a considerable distance, that she saw no car approaching on the farther track and, seeing one approaching on the nearer track, waited for it to stop on the cross walk, when, with nothing to distract her attention or to interfere with her freedom of movement, she started forward, that her daughter, seeing a car approaching on the farther track, called to her not to go, but that she continued forward around the standing car and was struck at once by a car on the farther track.   There was evidence that, in violation of a rule of the defendant, no warning gong was rung on the car which struck the plaintiff.   *Held,* that as a matter of law the plaintiff was not in the exercise of due care.

THREE ACTIONS OF TORT, the first two for personal injuries alleged to have been caused by the negligent running into the plaintiff of a street car of the defendant near a cross walk at the intersection of Westville Street and Geneva Avenue in that part of Boston called Dorchester; and the third by the father of the plaintiff in the second, a girl about four years of age when injured, for the loss of her services and for expenses caused by her injury. The writs in the first two actions were dated December 17, 1907. That in the third was dated December 22, 1908.

In the Superior Court the cases were tried together before *Dana,* J.   There was evidence that, in violation of a rule of the defendant, no warning gong was rung on the car which struck the plaintiff in the first case.   Other facts are stated in the opinion.

At the close of the plaintiffs' evidence the judge ordered verdicts for the defendant; and the plaintiffs alleged exceptions.

*W. B. Grant & H. E. Whittemore,* for the plaintiffs, submitted a brief.

*E. P. Saltonstall,* for the defendant.

BRALEY, J.   It is stated in the exceptions that the parties agreed, that if in the first case the plaintiff was not entitled to recover the actions cannot be maintained, and the question is, whether at the time of the injury there was any evidence for the jury of the due care of Helen Kouyoumjian.   Accompanied by her daughter and two grandchildren of tender years the plaintiff stood on the sidewalk, in the forenoon of a clear day, where for a substantial distance she had a full and unobstructed view of the defendant's tracks.   The group intended to pass over the cross walk to the other side of the street, and having seen, as she testified, only an outward bound car approaching, the plaintiff waited until it stopped just upon the cross walk.   While the car was at rest the plaintiff, leading one of the grandchildren by the hand and followed by her daughter with the other grandchild, started to go over the cross walk.   The inward track where cars might be expected to pass at frequent intervals was before her, and she must have been aware that her view of a coming car would be obstructed to some extent by the stationary car.   It appears from her testimony, that after leaving the sidewalk, and with nothing to distract her attention or to interfere with her freedom of movement, she proceeded on her way without again looking for approaching cars, and from the uncontradicted evidence of her daughter, that, seeing the oncoming car as her mother came to the inward track, she called to her, "Don't go."   But in disregard of the dictates of ordinary prudence, and in despite of the warning, she seems to have taken no thought whatever for her own safety, and stepped upon the track when almost immediately she was struck and injured by an inbound car.   The plaintiff's conduct under these conditions precludes recovery, and, the verdicts for the defendant having been rightly ordered, the exceptions must be overruled.   *Haynes* v. *Boston Elevated Railway,* 204 Mass. 249.   *Kennedy* v. *Worcester Consolidated Street Railway,* 210 Mass. 132.

*So ordered.*