ROBERT E. McMANUS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 11, 1913. — November 25, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* In use of highway.

A boy nine years of age, who, in attempting to cross a city street where he knows that street cars are going back and forth on parallel tracks all the time and are likely to pass each other every few minutes, without listening for an approaching car passes behind and within two or three feet of a car that is coming to a stop at a crossing and is struck instantly by a car coming from the opposite direction which he has not seen until it strikes him, is not in the exercise of due care, and, in the absence of evidence that before attempting to cross he looked from a place where he could see an approaching car for a substantial distance and saw no car approaching, he cannot recover for his injuries from the corporation operating the car, even if the motorman was negligent.

DE COURCY, J.   At about 4.30 P.M., on November 6, 1906, the plaintiff, a boy nine years old, was injured while crossing Washington Street at the corner of School Street, in the vicinity of Egleston Square in Boston. As an electric car, going out toward Forest Hills, was coming to a stop at the crossing, he started from the sidewalk, passed behind and within two or three feet of that car, and was struck by an inbound car which he did not see until he came in contact with it. According to his own testimony he was familiar with the locality, knew that cars were going back

and forth all the time, and that they were likely to pass each other there every few minutes. Although he was alone, with nothing to distract him from caring for his safety, and was aware of the fact that cars usually sounded a gong when coming over that crossing, there is no evidence that he listened at any time for an approaching car. He testified that he looked once in the direction of Forest Hills and did not see a car; but if he then was six feet behind the platform of the stationary car, as he said at one time, or was approaching and within six feet of it, as he answered earlier, manifestly that car would so obstruct his view of the inbound track as to render his looking of no assistance. Even assuming that it could be found from his confusing testimony that he was "right down off the curbstone" when he looked, there is no evidence in the meagre record as to the distance that the inbound track was in view from that spot, nor as to how far along that track he actually looked; and in the absence of a plan, photograph or other evidence we have no means of knowing whether he could see the inbound track or a car thereon for any substantial distance from the crossing; and hence we cannot say that his looking at that place could be found to be evidence of due care. Nor is he aided in this respect by any inference that could be drawn from the speed of the car that struck him. According to the testimony most favorable to him it was going not more than six or seven miles an hour, and at that speed we cannot assume that it travelled from a distance beyond reasonable view while he was walking from the curbstone to the track. The record discloses a case where the plaintiff walked into the path of a known danger without taking any precautions for his own safety. It is clearly distinguishable from *Purcell* v. *Boston Elevated Railway*, 211 Mass. 79, and *Lucarelli* v. *Boston Elevated Railway*, 213 Mass. 454, where the facts show that at the time of the accident the plaintiff was exercising such care as reasonably might be expected of a child of his or her age under similar circumstances.

In view of what we have said, it is not necessary to consider whether there was any evidence for the jury of negligence on the part of the motorman. The record fails to disclose any evidence of the plaintiff's due care, and the trial judge * rightly directed a

---

* *White*, J., who, after ordering a verdict for the defendant, reported the case for determination by this court.

verdict for the defendant. *Stackpole* v. *Boston Elevated Railway,* 193 Mass. 562. *Casey* v. *Boston Elevated Railway,* 197 Mass. 440. *Kyle* v. *Boston Elevated Railway,* 215 Mass. 260. And see *Goldberg* v. *Boston Elevated Railway,* 212 Mass. 13, 14. In accordance with the report, judgment is to be entered for the defendant on the verdict.

_So ordered._

*J. J. O'Hare,* for the plaintiff.
*C. Brewer,* for the defendant.