MARTHA B. O'BRIEN, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     January 16, 1914. — February 27, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* Street railway, In use of highway.

If a traveller on foot about to cross a city street, on which he knows that street railway cars pass frequently in both directions, at about midnight, when the street is free from obstructions and well lighted, proceeds to walk across it in a slow and leisurely manner, looking neither to the right nor the left, and, after waiting to let a car pass on the nearer track, goes on and before he reaches the farther track is struck by the forward step of a car on that track moving at the rate of fifteen or twenty miles an hour, and is injured, his injuries are caused by his want of due care.

If a traveller on foot about to cross a street on which are parallel street railway tracks, after having seen a car eighty feet away approaching at a rate of speed of fifteen or twenty miles an hour, waits for another car to pass from the opposite direction, and then passes behind it and without taking any precautions walks on until he is struck by the car that he saw approaching so rapidly, he cannot be found to have been in the exercise of any care at all, and if the car that struck him sounded no gong, this has no bearing upon his conduct, because he had seen the car and knew of its approach.

TORT at common law, by the administratrix of the estate of James O'Brien, to recover for the conscious suffering of the plaintiff's intestate from personal injuries sustained by him on May 18,

1909, from being struck by a street railway car alleged to have been operated at an excessive rate of speed by the servants of the defendant, resulting in the death of the intestate on June 27, 1909. Writ dated December 28, 1911.

In the Superior Court the case was tried before *Dana*, J., who at the close of the evidence, which is described in the opinion, ordered a verdict for the defendant and reported the case for determination by this court. If the case should have been submitted to the jury, a new trial was to be ordered; otherwise, judgment was to be entered for the defendant on the verdict.

In the evidence as set forth in the report the expression "in town cross walk" was used to designate the cross walk leading from Irving Street across Cambridge Street in Boston from the side of Irving Street which is nearer the centre of Boston, and the expression "out of town cross walk" was used to designate the walk crossing Cambridge Street leading from the side of Irving Street which is nearer to the city of Cambridge.

*J. L. Sheehan*, for the plaintiff.

*E. P. Saltonstall*, (*C. W. Blood* with him,) for the defendant.

CROSBY, J. This action is brought to recover for the conscious suffering of the plaintiff's intestate caused by injuries received on account of being struck by an electric car of the defendant at the intersection of Irving and Cambridge Streets in Boston, on May 18, 1909, between eleven thirty and twelve o'clock at night, as he was attempting to cross Cambridge Street on the easterly or in town cross walk from the southerly to the northerly side, the street running east and west and Irving Street leading off Cambridge Street on the south. The defendant maintains double tracks in the centre of Cambridge Street, the northerly track being used for outbound cars and the southerly track for inbound cars.

The width of Cambridge Street from curb to curb on the "out of town" cross walk at Irving Street is thirty-three feet, and the distance from the curbstone on the south side of the street to the first rail of the outbound or northerly track, crossing the inbound track, is seventeen feet and six inches. The overhang of a car of the type that struck the deceased is about one foot and six inches, so that he travelled sixteen feet from the curbing before coming in contact with the overhang of the car.

The only eyewitness to the accident so far as appears by the record was one Bello, who was standing on the sidewalk on the northerly side of Cambridge Street at a point nearly opposite the corner of Irving and Cambridge Streets. This witness testified that when he first saw the plaintiff's intestate the latter was crossing the street on the cross walk from the south to the north side, and was upon the first (inbound) track; that he "was going rather slow, he was going at a natural gait, just simply a leisurely walk, as though he had plenty of time." This witness further testified that when he saw the decedent he also saw an outbound car about eighty feet easterly of the "in town cross walk;" that at that time the decedent was three or four steps from the track, and that the car hit him below the knee and he was thrown to the ground; that the car step on the side of the car at the forward end was the only part of the car he came in contact with, and that he did not reach the northerly or outbound track before he was struck.

The only other evidence as to the manner in which the accident occurred appears in the testimony of a stepdaughter of the deceased. She testified that he told her he was crossing the street; that he said: "'There was a car coming from Cambridge and one on the hill; . . . I waited to let the Cambridge car pass and the one coming down the hill struck me.'"

There was also evidence to show that when the deceased was struck the car was going at the rate of between fifteen and twenty miles an hour, and that no gong or bell was sounded as it approached Irving Street; that there was no street light at the corner of Irving and Cambridge Streets, but that there was an electric light on the southerly side of Cambridge Street at the corner of South Russell Street, seventy-three feet easterly from the cross walk over which the deceased was travelling when struck, and another arc light at the corner of Cambridge and Blossom Streets, about two hundred feet west of the place of the accident. No claim was made that the car with which the deceased came in collision was not lighted in the usual manner.

The grade of Cambridge Street westerly to Irving Street is slightly descending, but at the place of the accident is nearly level. The street is practically straight for a long distance from Irving Street in both directions. The witness Bello testified that he saw

no teams upon the street nor any person except the plaintiff's intestate, and saw no car except the one which struck the deceased, and that the latter was looking in the direction in which he was going when struck.

There was no evidence to show that the intestate's eyesight or hearing was impaired, and no contention of that kind was made. It appeared that he lodged in Irving Street and worked in Cambridge, and it is a reasonable inference that he was familiar with the locality; that he knew electric cars passed through Cambridge Street frequently and that in crossing the car tracks he must exercise care for his safety; and yet the undisputed evidence shows that he proceeded to cross the street slowly and leisurely as if he had plenty of time, looking neither to the right nor left, but always straight ahead, and that while so walking and before he reached the outbound track, was struck by the step of the car and received injuries which afterward resulted in his death. The accident occurred about midnight and at a time when there was nothing to confuse him or distract his attention or obstruct his view of the car, which must have been in plain sight for several hundred feet, which he knew was approaching, and which soon would reach the place where he was. Upon this evidence we are led to the conclusion that he did not exercise the care of a reasonably prudent person.

This is not within that class of cases in which the court said, as in *Maguire* v. *Fitchburg Railroad,* 146 Mass. 379, 382: "It is not necessary that any positive act of care shall be proved. It may be inferred from mere absence of fault, when sufficient circumstances are shown fairly to exclude the idea of negligence on his part."

The plaintiff cannot recover unless she shows by affirmative evidence that her intestate was in the exercise of due diligence to avoid injury.

This case is very similar to the case of *Stone* v. *Boston Elevated Railway,* 211 Mass. 365. See also *Mathes* v. *Lowell, Lawrence, & Haverhill Street Railway,* 177 Mass. 416; *Haynes* v. *Boston Elevated Railway,* 204 Mass. 249; *Morse* v. *Boston Elevated Railway,* 216 Mass. 579. If the accident happened as described by the stepdaughter it is apparent that the decedent saw the outbound car that struck him, when it was eighty feet away and advancing at the rate of fifteen or twenty miles an hour; that he waited for

the inbound car to pass and then crossed the track behind it; and that he was struck by the outbound car without taking any precautions to ascertain whether it was safe for him to cross, although upon his own story he must have known that the car which struck him was in close proximity. The failure to sound the gong did not have any bearing upon his conduct, as he had seen the car and knew of its approach.

Upon the evidence it is impossible to find that the decedent was exercising any care. *Donovan* v. *Lynn & Boston Railroad,* 185 Mass. 533. *Stackpole* v. *Boston Elevated Railway,* 193 Mass. 562. *Holian* v. *Boston Elevated Railway,* 194 Mass. 74. *Madden* v. *Boston Elevated Railway,* 194 Mass. 491. *Le Baron* v. *Old Colony Street Railway,* 197 Mass. 289. *Casey* v. *Boston Elevated Railway,* 197 Mass. 440. *Haynes* v. *Boston Elevated Railway,* 204 Mass. 249. *Kennedy* v. *Worcester Consolidated Street Railway,* 210 Mass. 132. The case is clearly distinguishable from those upon which the plaintiff relies: *Lunderkin* v. *Boston Elevated Railway,* 211 Mass. 144; *Sellon* v. *Boston Elevated Railway,* 208 Mass. 507; *Mullen* v. *Boston Elevated Railway,* 209 Mass. 79; *Magner* v. *Boston Elevated Railway,* 209 Mass. 60; *Albee* v. *Boston Elevated Railway,* 209 Mass. 6; *Breen* v. *Boston Elevated Railway,* 211 Mass. 519; *O'Toole* v. *Boston Elevated Railway,* 211 Mass. 517.

It is unnecessary to consider whether there was evidence of negligence on the part of the motorman. By the terms of the report upon which the case is before us, judgment should be entered for the defendant on the verdict; and it is

*So ordered.*