MARY NEWBURG vs. FITCHBURG AND LEOMINSTER STREET
RAILWAY COMPANY.

Worcester.   September 28, 1914. — October 22, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* In use of highway, Street railway.

If a woman, who is about to cross a street containing parallel street railway tracks, on each of which a street railway car is approaching in plain sight, watches the car on the farther track and then, without looking in the direction of the car approaching on the nearer track, steps in front of that car and is struck by it instantly, or if she pauses for a moment on the nearer track for the car to pass on the other track and then is struck, she is negligent as matter of law and cannot recover against the street railway company for her injuries thus sustained.

TORT for personal injuries sustained by the plaintiff on the morning of December 26, 1912, from being run into by a street railway car of the defendant while the plaintiff, with two companions, was on her way to her work and was walking across River Street in Fitchburg.   Writ dated January 11, 1913.

In the Superior Court the case was tried before *Raymond,* J. At the close of the evidence, the substance of which on the subject of the plaintiff's due care is described in the opinion, the defendant asked the judge to rule that the plaintiff was not in the exercise of due care and could not recover.   The judge refused to make this ruling and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $711.25.   On motion of the defendant the judge set aside the verdict on the ground that it did not appear that the plaintiff was in the exercise of due care, and, by agreement of the parties, reported the case for determination by this court.   If there was evidence upon which the plaintiff was entitled to go to the jury on the question of due care, judgment was to be entered for the plaintiff in the sum of $1,000 with costs and interest; otherwise, judgment was to be entered for the defendant.

The case was submitted on briefs.

*C. F. Baker & E. W. Baker,* for the defendant.

*J. G. Annala,* for the plaintiff.

RUGG, C. J.   The plaintiff, at a little after six o'clock on a December morning, was a traveller on a street in Fitchburg, in the middle of which the defendant operated electric cars on two lines of track.   Two of the plaintiff's companions, one twelve feet in front of her, saw cars approaching from each direction on these two tracks and in crossing the street at a crosswalk avoided danger, although the cars had no headlights but were lighted inside. There does not appear to have been any other travel at the time. There was no other evidence as to how light it was except that it is said in the report that there was "an unobstructed view" from the crosswalk of the tracks in each direction for a long distance. The plaintiff testified that when she first came on the sidewalk, at a point about fifty feet from the crosswalk, she looked in both directions and saw no car; that when she reached the crosswalk "she saw a car coming from the east on the track farthest from her; that she watched the car as it came along; that she stood on the outer side of the first track and as the car passed her she started to turn around toward the west and in that instant was struck by the other car coming from that direction; that both cars were going very fast."   The plaintiff's testimony presents the most favorable aspect of her case and she can recover only if this warrants an inference that she was in the exercise of due care.

Her evidence seems to mean that she stood on the crosswalk at a point where she was out of danger from any cars on the nearer track, while she watched the car on the farther track until it had passed, and then, without looking at the nearer track, stepped in front of a car on that track so close that she instantly was struck.   But, even if the testimony is susceptible of the construction that she paused a moment on the nearer track for the car to pass on the other track, she is in no better position.   Upon either view she clearly could not have been found to have been careful.   The car by which she was injured was in plain sight, (both her companions saw it) and so near and moving so rapidly that it was negligent for her to step upon the track in front of it. The case is less strong for the plaintiff than *Beirne* v. *Lawrence & Methuen Street Railway*, 197 Mass. 173.   See also *Kouyoumjian* v. *Boston Elevated Railway*, 212 Mass. 111.

In accordance with the terms of the report, let the entry be
*Judgment for the defendant.*