VICTOR PIGEON *vs.* MASSACHUSETTS NORTHEASTERN STREET
RAILWAY COMPANY.

LETITIA V. WARD *vs.* SAME.

KATHLYN C. WARD *vs.* SAME.

MARY E. O'CLAIR *vs.* SAME.

Middlesex.    January 9, 1918. — May 27, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Contributory.    *Motor Vehicle.*

In an action of tort for personal injuries, where the defence of contributory negligence is set up in the answer and the evidence shows that the plaintiff necessarily must have been negligent, St. 1914, c. 553, does not require the submission of the case to the jury.

In four actions of tort against a street railway corporation for personal injuries sustained by being run into by an electric street railway car of the defendant when the plaintiffs were travelling in a motor butcher cart driven by one of them, who was its owner, the other three being his guests and all four sitting on one seat, it appeared that the plaintiffs were moving slowly, having started just before the accident from the dooryard of a farm house where the motor cart had been standing facing the defendant's track. When it started they were about twelve feet from the nearer rail of the defendant's track and each of them testified that he or she realized the danger and each one was on the lookout for a street railway car. Each of the guests testified that she was not relying on the owner, who was driving the motor cart, but was exercising care for herself. Each of the plaintiffs testified that he or she looked in the direction from which the defendant's street railway car came and saw nothing. But the circumstances of the collision showed that the approaching car of the defendant was in the plain field of vision of each of the plaintiffs for a sufficient period of time to have enabled the owner of the motor cart to have stopped it in time to avoid the collision if any one of the plaintiffs had seen and spoken of the danger. *Held,* that it was an irresistible inference of fact, that, if any of the plaintiffs had seen the defendant's car and had acted with reasonable prudence in giving the alarm, the accident could have been avoided, and that the only reasonable conclusion was that the negligent conduct of each of the plaintiffs helped to bring on the accident, so that a verdict rightly was ordered for the defendant in each of the cases.

In the cases above described it appeared that at the time of the accident the license to operate a motor vehicle which had been granted to the plaintiff who owned and was operating the motor cart had expired and had not been renewed, and it was *held* that, although the absence of an operating license was some evidence of negligence on the part of this plaintiff in operating the car, it was not conclusive and did not warrant the ordering of a verdict for the defendant as against that

plaintiff, and, in deciding on other evidence that all the plaintiffs were negligent as matter of law, this court did not consider as an element the absence of an operating license.

FOUR ACTIONS OF TORT against a street railway corporation by the owner and operator of a motor butcher cart, and by each of three women, who were travelling with him as his guests in the motor cart, for personal injuries sustained by the respective plaintiffs and damage to the motor cart of the plaintiff in the first case, caused by a collision with an electric street railway car alleged to have been operated negligently by servants of the defendant. Writ in the first case dated November 28, 1916, and writs in the other three cases dated November 29, 1916.

In each of the four cases the answer contained an allegation that the plaintiff was not entitled to maintain the action for the reason that at the time or times mentioned in the declaration the plaintiff was not in the exercise of due care.

In the Superior Court the cases were tried together before *Morton*, J. The evidence for the plaintiffs is described in the opinion. At the close of the plaintiffs' evidence, the judge ordered a verdict for the defendant in each of the four cases, and reported the cases for determination by this court, under a stipulation agreed to by all the parties that, if the case of the plaintiff Pigeon should have been submitted to the jury, judgment was to be entered for him in the sum of $3,000; that, if the case of the plaintiff O'Clair should have been submitted to the jury, judgment was to be entered for her in the sum of $600; that, if the case of the plaintiff Letitia V. Ward should have been submitted to the jury, judgment was to be entered for her in the sum of $300; and that, if the case of the plaintiff Kathlyn C. Ward should have been submitted to the jury, judgment was to be entered for her in the sum of $100; but a judgment was to be entered for the defendant in any case in which there was no error in ordering a verdict.

*E. Fisher & A. S. Howard*, for the plaintiffs.

*J. J. Ryan & J. T. Fitzgerald*, for the defendant, submitted a brief.

RUGG, C. J. These are actions of tort to recover compensation for personal injuries suffered by the several plaintiffs in a collision between a motor vehicle in which they were travelling and a trolley

car of the defendant. The plaintiff Pigeon was the driver of a motor vehicle used as a butcher cart, and the other plaintiffs were with him as his guests. Pigeon drove into the dooryard of a farmhouse in a thinly settled district in the town of Dracut, which was approached by a curving drive, so that when the automobile came to a stop, it was turned in the beaten path, facing toward the highway, the forward end projecting about two feet beyond the the corner of the house and being about twelve feet from the inner rail of the defendant's track. The distance from the front spring of the automobile to the steering wheel was six and a half feet; the entire length of the automobile was fourteen feet. Pigeon testified that as he cranked his automobile preparatory to leaving the yard, he looked past the corner of the house toward Lowell (from which direction the defendant's car came), for a distance of about four hundred and fifty feet, and saw no car. Still looking for any approaching car, as he straightened himself up and seated himself, one of the women being on his left and two on his right, he started the automobile on low speed. He was able to stop the automobile within a distance of three feet. During the time he was travelling the distance of twelve feet from where the automobile stood to the inner rail of the track, he did not see anything coming until just as the collision took place. He listened for the sound of a whistle, but heard none until a moment before he was struck, and he heard no bell. The collision with a trolley car of the defendant occurred just as the motor car, having traversed a distance of about twelve feet after starting, reached the inner rail of the track. Pigeon was familiar with the place and knew that there was danger in driving out of the yard. In answer to the question, why he did not ask one of his guests to go forward to see if a car was coming before driving out, he answered, "The reason is this, ahead of the track I didn't see anything coming, I didn't think there was anything coming and furthermore if I had heard a whistle blow from the distance that they should warn you before they get to that crossing, I would have plenty of time to stop my car."

The female plaintiffs all testified in effect that they were not talking from the time the automobile was cranked until the collision; that they realized that it was a place of danger; that they looked in the direction from which the defendant's street railway car

came, but did not see it until it was within a few feet, and that they were listening for a whistle and bell, but heard none. By the rules of the defendant it was the duty of the motorman to blow the whistle on his car when passing a post two hundred and fifty feet before reaching the place of collision. The testimony of several witnesses that they were listening for the whistle, and did not hear it, had a tendency to show that no whistle was sounded. *Slattery* v. *New York, New Haven, & Hartford Railroad,* 203 Mass. 453. While doubtless the plaintiffs might rely to some extent upon the absence of a whistle, they could not and did not undertake to depend upon it entirely.

There was no precise testimony as to the speed of the defendant's car. But it appeared that the front axle of the automobile was bent, torn from the springs and carried away from the machine. The spokes of one front wheel were bent and broken, the frame badly bent, and the butcher's cart body demolished. The defendant's car went about one hundred and thirty-five feet beyond the point of collision on an up grade. The fifth, eighth and ninth seat posts from the front of the defendant's car were broken. Although the indication from this fact alone well might be that the automobile struck the side of the car, there also was testimony that the front of the automobile was on the rail and was struck by the car, whereby it was thrown around and against the side of the car. Under these circumstances the place of impact was a question of fact.

Pigeon had been for several years licensed to operate an automobile, but at the time of the accident his license had expired and had not been removed. This was some evidence of his negligence in operating the car, but it was not conclusive and did not warrant the ordering of a verdict. *Bourne* v. *Whitman,* 209 Mass. 155. That factor is laid on one side.

All the circumstances confronting the plaintiffs are set out in this record. Each testified. All the evidence, consisting chiefly of the immutable fact of the collision and of the testimony of the plaintiffs themselves, permits only one rational inference, and that is that the negligence of the plaintiffs directly contributed to their injuries. It was daylight. All the people were on one seat of the automobile. As it started they were about nineteen feet from the rail. Each realized the danger and each one was on the

lookout for a car, according to the testimony of each. From the facts as stated by each of them, the inference is irresistible that, if any of them had seen the car and acted with prudence in giving the alarm, the accident might have been avoided. The automobile was just starting from a stationary position on low speed and necessarily moving slowly. It could have been brought to a stop almost instantly. The record discloses a situation where the plaintiffs, each on his or her own account, went into the path of a known danger in plain sight without rational explanation consistent with due care. If they had taken the obvious precautions which ordinarily cautious persons ought to have taken for their safety, the accident would not have happened. The case is within the authority of numerous decisions. *Ferguson* v. *Old Colony Street Railway*, 204 Mass. 340. *Collins* v. *Boston Elevated Railway*, 218 Mass. 284. *Lynch* v. *Boston Elevated Railway*, 224 Mass. 93. *McManus* v. *Boston Elevated Railway*, 216 Mass. 191. *Singer Sewing Machine Co.* v. *Springfield Street Railway*, 216 Mass. 138. *Newburg* v. *Fitchburg & Leominster Street Railway*, 219 Mass. 21. *Itzkowitz* v. *Boston Elevated Railway*, 186 Mass. 142. *Tognazzi* v. *Milford & Uxbridge Street Railway*, 201 Mass. 7. Notwithstanding the oral testimony to the effect that each looked for the car in the direction from which it came, the fact of the accident demonstrates that it was within the plain field of vision of each one for a sufficient period of time to have enabled Pigeon to stop his automobile if any of them had seen and spoken of the danger. The fact that no one of them did this is irrefutable evidence of negligence of each directly contributing to the accident. Essential circumstances undisputed or shown by the testimony of each plaintiff are incompatible with any other reasonable conclusion than that each by negligent conduct helped to bring on the accident. There is no escape from that result. *Fitzgerald* v. *Boston Elevated Railway*, 194 Mass. 242. *Kennedy* v. *Worcester Consolidated Street Railway*, 210 Mass. 132, 134. *Northern Pacific Railroad* v. *Freeman*, 174 U. S. 379.

The female plaintiffs were guests of Pigeon and therefore entitled somewhat to rely upon him. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309. But each testified that she was not relying upon the care of Pigeon but was exercising care for herself. The circumstances show that each one was acting on her own

account for her own protection and that the negligence of each was a contributing cause of the injury to each. The case is distinguishable from *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262.

The ruling that as matter of law the plaintiffs could not recover, was right. The force of St. 1914, c. 553, does not require the submission of such cases as these to the jury. *Duggan* v. *Bay State Street Railway, ante,* 370.

According to the terms of the stipulation, let the entry in each case be

*Judgment for the defendant.*