GEORGE WILL *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     December 4, 5, 1923. — January 3, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, In use of highway, Contributory.

At the trial of an action of tort against a street railway company for personal injuries received at about five o'clock on an afternoon in October, the defendant rested at the close of the plaintiff's evidence, which, in its aspect most favorable to the plaintiff, warranted a finding of the following facts: The plaintiff, a guest in an automobile, was being driven to a suitable point to take a street car of the defendant. The driver of the automobile passed a car of the defendant as passengers were alighting from it, went to a point just beyond a white post which indicated the next regular stopping place of the car, and as far to the right hand side of the road as he could get, and there stopped the automobile. It did not appear that the plaintiff had any knowledge of the precise position of the automobile with reference to the trolley car or relied upon it in any degree. He opened the door on the left side of the automobile and proceeded to dismount without looking to see if any street car was coming. The defendant's street car came from behind, struck the automobile on the left side of its back light and bent the door, which struck the plaintiff and injured him. The street was straight for a distance of four hundred feet from the point, where the street car was discharging passengers as the automobile passed it, to the place of the accident. *Held*, that there was no evidence to support a finding that the plaintiff was in the exercise of due care.

TORT for personal injuries received as the plaintiff was dismounting from an automobile at about five o'clock in the afternoon of October 26, 1917, when the automobile was struck by a street car of the defendant which had approached from the rear. Writ dated January 4, 1918.

In the Superior Court, the action was tried before *Cox*, J. Material evidence is described in the opinion. At the close

of the plaintiff's evidence, the defendant rested and moved that a verdict be ordered for the defendant. The motion was denied. There was a finding for the plaintiff in the sum of $500, the presiding judge reserving leave to have a verdict for the defendant entered if, upon later determination, such course was deemed proper. The presiding judge then reported the action for determination by this court.

*W. C. Jaycox & O. A. Marden*, for the plaintiff.

*R. L. Mapplebeck*, for the defendant.

RUGG, C.J. The evidence in its aspect most favorable to the plaintiff would have warranted a finding that he was being carried as a guest in the rear seat of an automobile of a friend to take a trolley car of the defendant; that the driver of the automobile, passing the trolley car as passengers were alighting from it, went to a point as far to the right hand side of the street as he could get, just beyond the white post indicating the next regular trolley car stop, where he stopped the automobile; that the plaintiff opened the door on the left side of the automobile and, as he was getting out without looking to see if any car was coming, the car coming from behind struck the automobile on the left hand side on the back light, the door was bent and the plaintiff was struck and injured, and that the street was straight for a distance of some four hundred feet from where the trolley car was stopped discharging passengers to the place of the accident.

There was no evidence to support a finding of due care on the part of the plaintiff. His own testimony was that he alighted from the automobile into the pathway of the trolley car, without looking to see if any car was coming; that he did not hear or see the car or know anything about it until it struck him. His view was unobstructed. He is bound by his own testimony. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. It is manifest that the slightest attention to his own safety would have prevented his injury. While he might depend to a reasonable extent on the expectation that the motorman would not be negligent, he was not justified in abandoning all precautions for self-protection. The circumstance that the automobile had

stopped just beyond a white pole does not exculpate the plaintiff. It is common knowledge that trolley cars do not stop at white poles unless there are persons waiting to become passengers or passengers to alight. There is nothing to indicate that in the case at bar there was any occasion for this trolley car to stop at this pole. Merely that an automobile comes to a stop near a white pole without signal of any kind so far as appears was no notice to those in charge of the car to bring it to a standstill. The striking of the back light of the automobile by the trolley car has no bearing on the due care of the plaintiff. It does not appear that the plaintiff had any knowledge of the precise position of the automobile with reference to the trolley car or relied upon it in any degree. The plaintiff was in a place of entire safety within the automobile. He voluntarily and without exigency moved into a danger zone by getting in front of an on-coming trolley car, which must have been in plain sight and very near when he opened the door of the automobile and got out.

The case falls within the authority of numerous decisions. *O'Neill* v. *Middlesex & Boston Street Railway*, 244 Mass. 510. *Gibb* v. *Hardwick*, 241 Mass. 546. *Sullivan* v. *Chadwick*, 236 Mass. 130, 137. *Driscoll* v. *Boston Elevated Railway*, 233 Mass. 232. *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392. *Dwyer* v. *Boston Elevated Railway*, 220 Mass. 193. *Hayes* v. *Boston Elevated Railway*, 224 Mass. 303. *Smallwood* v. *Boston Elevated Railway*, 217 Mass. 375. *Kennedy* v. *Worcester Consolidated Street Railway*, 210 Mass. 132. *Kouyoumjian* v. *Boston Elevated Railway*, 212 Mass. 111. *Newburg* v. *Fitchburg & Leominster Street Railway*, 219 Mass. 21. *Cohen* v. *Boston Elevated Railway*, 202 Mass. 66, and cases there collected. *Callaghan* v. *Boston Elevated Railway*, 200 Mass. 450. *Kelly* v. *Boston Elevated Railway*, 197 Mass. 420. It is distinguishable from cases upon which the plaintiff relies like *Shapiro* v. *Union Street Railway*, ante, 100, *Reynolds* v. *Murphy*, 241 Mass. 225, *Dube* v. *Keogh Storage Co.* 236 Mass. 488, *Gerhart* v. *Holyoke Street Railway*, 236 Mass. 392, and *Scannell* v. *Boston Elevated Railway*, 176 Mass. 170.

*Judgment for the defendant.*