THOMAS QUINN vs. BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. March 13, 1905. — June 22, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Negligence*, Contributory.

A bridge carpenter employed with others by commissioners in patching the flooring of a bridge over which electric cars are running, if being between the sidewalk and the nearest rail of the track and stooping down on one knee near the track to mark a plank, he is struck in the face by the running board of an open electric car, which he would have seen approaching if he had looked up and which he would have heard approaching if he had stopped to listen, cannot be found to be in the exercise of due care.

TORT for personal injuries from being struck by an electric car of the defendant while at work with others in patching the flooring of the Harvard Bridge between Cambridge and Boston. Writ dated November 9, 1901.

In the Superior Court the case was tried before *Sherman*, J., who ordered a verdict for the defendant, and by agreement of the parties reported the case for determination by this court. If on the evidence the case should have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $1,500; otherwise, judgment was to be entered on the verdict for the defendant.

*J. J. Corbett*, for the plaintiff.

*E. P. Saltonstall*, (*S. H. E. Freund* with him,) for the defendant.

LATHROP, J. This is an action of tort for personal injuries sustained by the plaintiff, a bridge carpenter sixty-five years old, by being struck by one of the defendant's cars. At the time of the injury the plaintiff and two others were in the employ of the Boston and Cambridge bridge commission, and were engaged in patching the flooring of Harvard Bridge. The plaintiff was between the sidewalk and the outer rail of the inbound track, and was near the track stooping down on one knee, marking a plank, when the running board of the car struck him in the face. He was facing towards Cambridge, from which place only cars could come which could do him any injury. There was nothing to

prevent his seeing in the direction of Cambridge a distance of about two hundred and seventy yards. There was nothing to prevent his looking. He testified that he knew that if a car came along he would be hit; that if he had stopped to listen he could have heard the car coming; that there was no trouble with his hearing; that he was facing Cambridge when he was marking; that he had his face toward the car all the time, which nevertheless hit him; that he did not know of any trouble with his eyes; that he might have seen the car had he looked up. In response to a question by the trial judge, he testified that there were three working at that place, and that each man looked out for himself.

The accident occurred about half past eight o'clock in the morning on May 8, 1901, and none of the witnesses called by the plaintiff testified that there was anything to prevent his seeing or hearing the approaching car. The only conflict of evidence was on the question of the speed of the car and whether the gong was rung.

On the uncontradicted evidence, we are of opinion that the judge was right in directing a verdict for the defendant. The plaintiff was working in a dangerous place, and was looking out for himself. He knew the danger of being too near the rail, for he testified that he was struck by a car near the same place five years before. The evidence shows that the plaintiff was not in the exercise of due care. *Lynch* v. *Boston & Albany Railroad,* 159 Mass. 536. *Tumalty* v. *New York, New Haven, & Hartford Railroad,* 170 Mass. 164. *Morey* v. *Gloucester Street Railway,* 171 Mass. 164. *Roberts* v. *New York, New Haven, & Hartford Railroad,* 175 Mass. 296. *Mathes* v. *Lowell, Lawrence, & Haverhill Street Railway,* 177 Mass. 416. *Itzkowitz* v. *Boston Elevated Railway,* 186 Mass. 142. See also *Lyons* v. *Bay Cities Consolidated Railway,* 115 Mich. 114; *Eddy* v. *Cedar Rapids & Marion City Railway,* 98 Iowa, 626.

*Judgment on the verdict for the defendant.*