*W. C. Ford,* for the defendant.
*H. R. Dow,* for the plaintiff.

---

CORNELIUS O'LEARY *vs.* HAVERHILL AND PLAISTOW STREET RAILWAY COMPANY.

Essex.    November 9, 1906. — January 1, 1907.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence.*

In an action against a street railway company for personal injuries from being struck by an electric car of the defendant while the plaintiff was at work in the employ of the city where the accident occurred, assisting in macadamizing a street of that city, the plaintiff testified that when struck by the car he was working at a distance of two feet from the tracks, that two or three seconds before the accident he had looked for a car coming and saw none although the track was visible for twelve hundred feet, that he was listening for the noise of an approaching car but heard none, and that no bell or gong was sounded. Other witnesses testified that the plaintiff apparently was in a safe place, and that they heard no car coming. There was evidence for the defendant on which it could have been found that just before the plaintiff was hit he changed his position by stepping nearer to the car and that if he either had looked or had listened he would have seen or heard the car coming. *Held,* that the question of the plaintiff's due care was one for the jury.

Tort for personal injuries from being struck by an electric street car of the defendant on October 24, 1903, at about 1.15 o'clock P. M. while the plaintiff was at work in the employ of the city of Haverhill assisting in macadamizing Main Street in that city. Writ dated January 16, 1904.

In the Superior Court the case was tried before *Schofield*, J. At the close of the evidence the defendant asked the judge to rule that the plaintiff could not recover and the verdict must be for the defendant, that the plaintiff did not exercise due care and that it did not appear that the defendant was guilty of negligence. The judge refused to rule as requested, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $750. The defendant alleged exceptions. The only question argued before this court was whether there was evidence for the jury that the plaintiff was in the exercise of due care at the time of the accident. The facts which are held by the court sufficient to constitute such evidence are stated in the opinion.

*S. W. Emery*, for the defendant.

*W. J. McDonald & J. P. Sweeney*, for the plaintiff.

Sheldon, J. Although the question was a close one, we are of opinion that the case rightly was submitted to the jury.

1. There was evidence that the plaintiff was in the exercise of due care. He testified that when struck by the car he was working at a distance of two feet from the tracks, which ordinarily would be a safe place; that he had looked two or three seconds before for a car coming and saw none, although the track was visible for twelve hundred feet; that he was listening for the noise of an approaching car but heard none; and that no bell or gong was sounded. Other witnesses testified that he was apparently in a safe place when struck, and that they heard no car coming. Doubtless the jury well might have found that he changed his position by stepping nearer to the car just before he was hit, and that he would have seen or heard the car coming if he had either looked or listened; but we cannot pass upon the weight of the evidence. The cases in which the conduct of a plaintiff attempting to pass over a grade crossing of a steam railroad was considered are not applicable here; and the circumstances that were decisive in *Saltman* v. *Boston Elevated Rail-*

*way,* 187 Mass. 243, *Donovan* v. *Lynn & Boston Railroad,* 185 Mass. 533, and *Quinn* v. *Boston Elevated Railway,* 188 Mass. 473, do not exist in this case.

2. The defendant did not contend at the argument that the question of the negligence of its servants was not properly left to the jury.

*Exceptions overruled.*