THOMAS KELLY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 8, 1908. — February 27, 1908.

Present: KNOWLTON, C. J., LORING, SHELDON, & RUGG, JJ.

*Negligence,* Street Railway, In use of highway.    *Custom.*

At the trial of an action of tort against a street railway company to recover for injuries received by the plaintiff from being run into by a street car of the defendant, it appeared that the plaintiff, when run into, was at work in the street where the car ran and was in the employ of a contractor who was placing crushed stone on the surface of the street from the curbing of the sidewalk to within eighteen inches of the car track, that the car of the defendant did not overhang the street from the track eighteen inches, that cars approaching could be seen for over two hundred feet from the place where the plaintiff was standing, that the plaintiff neither saw nor heard the car before it struck him and was not thinking at all whether he was so near the track that a car might hit him, that, when struck, he was facing in a direction away from the car but could not tell whether he was walking toward the track or away from it, and that the accident happened at about noon on a bright summer day.    The plaintiff testified that he had noticed " it was customary for cars to ring their gongs when men were near the track, but that for hours at a time he would not notice whether the cars rang their gongs or not, but that when he did notice, they did so when men were near the track."    *Held,* that there was no evidence that the plaintiff was in the exercise of due care; and *also,* that the evidence fell far short of indicating any established custom on the part of the employees of the defendant as to the ringing of gongs, and of showing any excuse for the failure of the plaintiff to use his own senses for his protection.

TORT for personal injuries received by the plaintiff from being run into by an electric street car of the defendant while he was working in a street.    Writ in the Superior Court for the county of Suffolk dated October 13, 1903.

At the trial, which was before *Richardson,* J., besides the facts stated in the opinion, it appeared that the accident happened shortly after noon on a clear day in July on the southerly side of Massachusetts Avenue at its junction with St. Botolph Street.    Other facts are stated in the opinion.

At the close of the evidence, the defendant requested the presiding judge to rule (1) that on the whole evidence the plaintiff was not entitled to recover; (2) that there was no sufficient affirmative evidence of the plaintiff's due care; (3) that there was no sufficient evidence of any universal custom to sound a gong; and (4) that there was no evidence of any custom to sound a gong sufficient to entitle the plaintiff to rely thereupon. The requests were refused, there was a verdict for the plaintiff, and the defendant alleged exceptions.

*F. Ranney*, for the defendant.

*M. A. Sullivan*, for the plaintiff.

SHELDON, J.   The only question that need be considered in this case is whether there was any evidence that the plaintiff was in the exercise of due care at the time of the injury.   He was laying crushed stone on the surface of Massachusetts Avenue between the curbstone and a line of paving stones which projected a distance of eighteen inches outside of the defendant's tracks.   His work did not bring him between those tracks, or within eighteen inches of them.   There was affirmative evidence that the overhang of the defendant's cars was not beyond that distance, and no claim was made to the contrary. Cars frequently passed; the track was straight and the view was unobstructed for over two hundred feet.   The plaintiff was facing in the opposite direction from that in which the cars came; he neither saw nor heard the car before it struck him; he did not know whether he was standing still or moving just before it struck him, though he thought that he was moving but could not say whether towards the track or away from it. He testified also that at the time of the accident he could stand where he pleased as he worked; that he was not thinking at all whether he was so near the track that a car might hit him; that he did not have that in his mind at all.

If this were all the evidence, it would be impossible to avoid the conclusion that the plaintiff was taking no care whatever or acting with any regard to his own safety, but was relying wholly upon the defendant to look out for him.   The case would be like *Gorham* v. *Milford, Attleborough & Woonsocket Street Railway*, 189 Mass. 275, and *Quinn* v. *Boston Elevated Railway*, 188 Mass. 473.   There was no evidence of such pre-

cautions as were testified to in *O'Leary* v. *Haverhill & Plaistow Street Railway*, 193 Mass. 339.

But the plaintiff testified also " that he had worked in that locality for some weeks, and that he had noticed it was customary for cars to ring their gongs when men were near the track, but that for hours at a time he would not notice whether the cars rang their gongs or not, but that when he did notice, the cars rang their gongs when men were near the track." And it is claimed that the jury might find that he had a right to rely upon this practice and to expect to be warned by the gong of an approaching car, if he was in dangerous proximity to the track. But this evidence falls far short of indicating any established custom, or of showing any excuse for a failure to use his own senses for his protection. There was similar evidence of a failure to ring the gong in *Quinn* v. *Boston Elevated Railway*, *ubi supra*. There was nothing to prevent the plaintiff, while doing his work, either from standing where a car could not have hit him or from taking such a position as to see readily when a car was approaching. Due care required that he should not leave all concern for his safety to the defendant. He was not at work on the defendant's premises under an implied assurance of safety, as in *Maguire* v. *Fitchburg Railroad*, 146 Mass. 379 ; nor was there any evidence of a duty or an established custom for the defendant or its superintendent to give notice of the approach of a car, as in *Meadowcroft* v. *New York, New Haven, & Hartford Railroad*, 193 Mass. 249, and cases there cited; nor had he a right to expect a warning from his own foreman, as in *Ahearn* v. *Boston Elevated Railway*, 194 Mass. 350.

Although there was evidence of negligence on the part of the defendant, yet, by reason of the plaintiff's failure to exercise proper care, the defendant's request for a ruling that the plaintiff was not entitled to recover should have been granted.

*Exceptions sustained.*