WILLIAM E. CARNEY, administrator, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.    December 8, 1914. — December 30, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE-COURCY, & CROSBY, JJ.

*Negligence,* Street railway, On a drawbridge, Knowledge of rules. *Evidence,* Presumptions and burden of proof, Of knowledge of rules, *Res inter alios.*

If an assistant draw tender on a bridge, whose work was at or near the tracks of a
street railway on which cars frequently passed in both directions and who was
expected to look out for his own safety, was struck and killed by a street railway car, which was operated by its motorman negligently but not wantonly
and recklessly, and there is nothing to indicate that the assistant draw tender
took any precaution to insure his safety from the danger of being struck by the
car even to the extent of glancing in the direction from which it was coming,
the administrator of his estate cannot recover for his death or conscious suffering, as, in order to recover for either, the burden is upon the administrator to
prove that his intestate was in the exercise of due care.

In an action against a corporation operating a street railway for causing the death
of the plaintiff's intestate by running him down when he was at work as an
assistant draw tender on a bridge and was engaged in clearing one of the latches
of the draw from snow, upon the issue of the due care of the intestate the presiding judge properly may refuse to allow the plaintiff to ask a witness whether the
draw tenders on the bridge where the plaintiff was employed had common knowledge of certain rules of the defendant relating to the regulation of the speed of
street railway cars upon drawbridges and of a certain city ordinance requiring the
sounding of gongs when persons were standing on or near the tracks, if the plaintiff is unable to show that the intestate knew of the existence of the rules or of
the ordinance, much less that he acted in reliance upon them.

In an action against a corporation operating a street railway for causing the death
of the plaintiff's intestate, the plaintiff cannot be allowed to put in evidence the
record of an inquest upon the death of the intestate held under the provisions
of R. L. c. 24, § 11.

TORT by the administrator of the estate of John Carney, who
was an assistant draw tender on the Malden Bridge in the part of
Boston called Charlestown, to recover for the death and conscious suffering of the plaintiff's intestate by reason of his being
struck by a street railway car operated by the defendant on December 24, 1912, at about 11 P. M. when the intestate was clearing the
snow from one of the latches of the draw so that the draw could
be opened later.    Writ dated January 31, 1913.

The declaration contained two counts, the first for causing the

death of the plaintiff's intestate and the second for his conscious suffering.

In the Superior Court the case was tried before *White,* J. In the course of the trial the plaintiff put in evidence certain rules of the defendant and certain ordinances of the city of Boston relating to the regulation of the speed of street cars upon bridges and the sounding of gongs or bells.

The principal questions referred to in the opinion as excluded by the judge were put to a witness who was another assistant draw tender on the same bridge and were, "Whether or not it was a matter of common knowledge among the draw tenders on the Malden Bridge that the rules of the Boston Elevated Railway Company require their cars to run slowly over bridges and drawbridges?" and, "If it was a matter of common knowledge among the draw tenders of the bridge that the rules of the defendant, company required motormen to ring a gong when persons were standing on or near the track?"

The judge excluded these questions, but allowed the plaintiff's counsel to ask whether the plaintiff's intestate said anything about the rules. The counsel then asked the witness whether he ever heard the rule about going over drawbridges slowly and about the ringing of the gong when persons were standing on or near the tracks discussed or mentioned in the intestate's presence, and the witness answered that he could not say that he had.

Another draw tender on the Malden Bridge was asked whether he knew "that there was an ordinance of the city of Boston requiring motormen to sound their gongs when persons were standing on or near the tracks," also, "Whether it was common knowledge among draw tenders on that bridge that such an ordinance existed?" and also, "Was it common knowledge among the draw tenders at the bridge there, at that time, that there was a rule of the Boston Elevated for cars to slow down?" The judge excluded these questions.

The report of the inquest referred to in the opinion as excluded by the judge was a certified copy of a record in the office of the clerk of the Superior Court for criminal business in Suffolk County of an inquest upon the death of John Carney held under the provisions of R. L. c. 24, § 11, before a judge of the Municipal Court of the City of Boston and filed under § 15 of that chapter.

At the close of the plaintiff's evidence, which is described in the opinion, the defendant asked the judge to rule that upon all the evidence in the case the plaintiff was not entitled to maintain his action. The judge so ruled and ordered a verdict for the defendant. By agreement of counsel, he reported the case for determination by this court, with the stipulation that, if his ruling was right upon such evidence as was presented and upon such evidence as was offered and improperly excluded and without evidence which was admitted and should not have been admitted, judgment was to be entered on the verdict; otherwise, judgment was to be entered for the plaintiff on the count for conscious suffering in the sum of $1,200 and on the count for causing the death of the intestate in the sum of $4,000.

*E. Field,* for the plaintiff.

*F. W. Knowlton,* (*G. Putnam* with him,) for the defendant.

DE COURCY, J. The only issue now in controversy is that of the due care of the plaintiff's intestate, John Carney; and on the essential facts the case is governed by decisions like *Quinn* v. *Boston Elevated Railway,* 188 Mass. 473, and *Kelly* v. *Boston Elevated Railway,* 197 Mass. 420. Snow had fallen during the day, and Carney with another assistant draw tender was clearing one of the latches which locked the drawbridge to the abutments. He had been employed at this bridge for three or four years, and was familiar with the work and the surroundings. Electric cars frequently were passing on the inbound and the outbound tracks, between which was the raised platform, where the latch was. There was an unobstructed view in the direction from which the car came of from five hundred yards to half a mile. The conflicting evidence as to what Carney was doing shortly before the accident leaves it uncertain whether he was standing near the latch with a crowbar in his hand, or apparently kneeling and working at the latch, or standing near the outbound track; but all the witnesses agree that he was not facing in the direction of the car which struck him.

Carney was employed in a place of danger, working at or near the tracks, and was obliged himself to take such precautions as the situation demanded. There is an entire absence of evidence disclosing any precaution taken by him to insure his safety from the danger of the oncoming car, even to the extent of glancing

in that direction. The burden of proving due care was on the plaintiff under both counts, and is not sustained by an inference of careful conduct which is merely conjectural and is no more probable than an inference of carelessness. *Gleason* v. *Worcester Consolidated Street Railway*, 184 Mass. 290. *Haynes* v. *Boston Elevated Railway*, 204 Mass. 249. *Taylor* v. *Pierce Brothers, Ltd.* 213 Mass. 247. *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467. *Morse* v. *Boston Elevated Railway*, 216 Mass. 579. Obviously the case differs from those where the evidence discloses that the person injured had made some effort to protect himself before the accident, like *Santore* v. *New York Central & Hudson River Railroad*, 203 Mass. 437; and from those where one is excused from taking active precautions in reasonable reliance upon an assurance that his safety will be looked after by his employer, or others, like *Hanley* v. *Boston Elevated Railway*, 201 Mass. 55, and *Dunphy* v. *Boston Elevated Railway*, 192 Mass. 415. Here no unusual conditions are shown which relieved Carney from the duty of exercising his own faculties to determine if and when a car was approaching.

It is admitted that there was evidence for the jury of the motorman's negligence. But there was no such wanton and reckless conduct on his part as dispenses with the necessity of proving due care on the part of plaintiff's intestate. Apparently the motorman did not see Carney before the accident. See *Banks* v. *Braman*, 188 Mass. 367, and corrected headnote, 192 Mass. 162.

No error is shown in the exclusion of evidence. It did not appear that Carney knew of the existence of the rules of the defendant as to speed, or of the city ordinance requiring the sounding of gongs, much less that he acted in reliance on them.

The judge's report of the inquest plainly was not admissible against the defendant. See *Jewett* v. *Boston Elevated Railway*, *ante*, 528.

*Judgment on the verdict.*