DANIEL DWYER *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    December 4, 1914. — February 23, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence*, Street railway.

A laborer in the employ of a gas company, who on a bright clear day was working in a trench only two and a half feet deep at a point between two parallel tracks of a street railway, on both of which cars were passing frequently, and was struck by a car coming from the direction in which he was facing, which he did not see because he failed to look up from his work when he heard the noise of the approaching car "coming closer and closer to him," in an action brought by him against the corporation operating the street railway to recover for his injuries thus caused cannot be found to have been in the exercise of due care.

TORT for personal injuries from being struck by a street railway car of the defendant on May 2, 1913, when the plaintiff was working as a laborer in the employ of the Cambridge Gas

Light Company in a trench about two and a half feet deep at a point between the two parallel tracks of the defendant on Huron Avenue in Cambridge. Writ dated July 21, 1913.

In the Superior Court the case was tried before *Brown,* J. At the close of the evidence, which is described in the opinion, the defendant asked the judge to order a verdict for the defendant. The judge refused to do this and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $450. The defendant alleged exceptions.

The case was argued at the bar in December, 1914, before *Rugg,* C. J., *Braley, Sheldon, De Courcy,* & *Crosby,* JJ., and afterwards was submitted on briefs to all the justices then constituting the court except *Carroll,* J.

*P. F. Drew,* (*W. U. Friend* with him,) for the defendant.

*J. H. Hurley,* for the plaintiff.

DE COURCY, J. The issue of the motorman's negligence rightly was submitted to the jury. He earlier had seen the employees of the gas company excavating the trench, which extended from the sidewalk to and under both sets of tracks. He testified that as he approached it at the time of the accident he saw a man digging in a hole between the two tracks. Presumably this was the plaintiff, who was working at that place. And the jury could accept the plaintiff's statement that the car came down on him at a high rate of speed, without sounding a warning gong, and did not stop until it reached the next stopping place at Lake View Avenue.

On the issue of due care, however, the case is governed by *Quinn* v. *Boston Elevated Railway,* 188 Mass. 473, and *Kelly* v. *Boston Elevated Railway,* 197 Mass. 420. The plaintiff was working in close proximity to tracks upon which cars were frequently passing; he was fully aware in advance of the precise danger to which he was exposed and from which later he suffered, and was relying entirely on the exercise of his own faculties to guard him from injury. The trench was only two and a half feet deep. The day was bright and clear. He was facing in the direction from which came the car that struck him, and had an unobstructed view of three hundred yards. Although he heard the noise of the approaching car " coming closer and closer to him" at a high rate of speed, he did not look up from his work,

nor see the car which hit him in the side. There was nothing so unusual or urgent in the work he was doing as to justify his failure to see or hear this approaching car in time to protect himself by moving out of its path. We are of opinion that the ruling requested by the defendant should have been given. *Carney* v. *Boston Elevated Railway*, 219 Mass. 552.

*Exceptions sustained.*