ADELARD L. DUBE *vs.* KEOGH STORAGE COMPANY.

Bristol.    October 25, 1920. — November 24, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Contributory, In use of highway. *Practice, Civil,* Judge's charge.

Where, at the trial of an action of tort for personal injuries received after St. 1914, c. 553, was in effect by a workman, who at fifteen minutes before eight on a morning in February was repairing a spring switch in a street railway track on an ordinarily much travelled city street forty feet wide, and while so at work was run into by a motor truck of the defendant negligently driven, it appeared that, when struck, the plaintiff was on his knees and was engaged in tightening a nut, that he was using a wrench with his right hand and with his left was

holding an iron standard which held a small flag three or four feet above the street, that before kneeling he had looked and had not seen any vehicle, and that while at work he did not look to see if any vehicles were coming or listen for their approach, he testifying, "I couldn't look when I had to tighten up the nut." There was evidence that, after he had been thus at work for two or three minutes, he was struck by the truck which came upon him from in front without any warning signal being given. *Held*, that it could not be ruled as a matter of law that negligence of the plaintiff contributed to his injury.

The instructions given in the charge and a supplemental charge to the jury at the trial above described were held properly to have dealt with requests by the defendant for rulings, that "A person who is working in a place which he knows to be dangerous by reason of the traffic or other causes is bound to exercise his own faculties to insure his own safety and his failure to do so is negligence," and that "A person is not justified in relying wholly upon statutory signals which ought to be given by others but is bound to use his eyes and ears reasonably to ascertain whether or not a vehicle is approaching and failure to do so is negligence."

Tort for personal injuries received on February 27, 1919, when the plaintiff, while engaged in repairing a spring switch of the street railway on Pleasant Street near the corner of Fourth Street in the city of Fall River, was run into by a motor truck of the defendant. Writ dated March 5, 1919.

In the Superior Court the action was tried before *Raymond*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The defendant then asked for rulings, among which were the following:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. The plaintiff's own story of his own conduct just prior to the accident shows he was guilty of contributory negligence and the verdict must be for the defendant."

"5. A person who is working in a place which he knows to be dangerous by reason of the traffic or other causes is bound to exercise his own faculties to insure his own safety and his failure to do so is negligence.

"6. A person is not justified in relying wholly upon statutory signals which ought to be given by others but is bound to use his eyes and ears reasonably to ascertain whether or not a vehicle is approaching and failure to do so is negligence."

The rulings numbered one and two were refused.

On the subject of the fifth and sixth rulings requested, the judge in his charge instructed the jury in substance as follows:

He asked the jury to determine whether the plaintiff acted "as an ordinarily careful man would act in looking out for his own safety. Did he do anything? There is testimony he looked up and down the street and saw the street was clear, and that he did maintain the flag. Now, what else would you have done, what else would an ordinarily careful man have done with this work on hand to carry out? If you say an ordinarily careful man would have done something different from what he did, then his failure in that respect would be negligence on his part. Negligence means failure to do something that an ordinary, reasonably careful man would have done under the circumstances. . . .

"He had a right to presume that people would use the street with reasonable regard to the safety of other folks on the street, reasonable regard to his own safety; that a man coming down with an automobile, or milk wagon as that has been mentioned, or wheelbarrow, or anything else would use the streets in a proper way, that is, with reasonable regard to the rights of other persons who were rightly on the street, and he was rightly on the street. He had a right to presume that. . . .

"He had a right to presume that travelers like this defendant coming down that street would give the ordinary signals and do the ordinary things that reasonably careful men would do in obedience to the law and in obedience to the dictates of humanity and common sense and prudence.

"Now, doing what he was doing, with the right to presume what he had a right to presume with reference to other people acting properly, with the flag elevated, and with all the conditions as they existed then, do you think that he was careless? That is for you."

At the close of the charge, the fifth and sixth rulings requested having been called again to the judge's attention, he further charged the jury as follows as to the fifth ruling:

"I will not give it in that form, but I think I covered it sufficiently in my charge. I will say that a person who is working in a place which he knows to be dangerous, by reason of the traffic or other causes, is bound to do what a reasonably careful man would do under the circumstances. I would not say that a man working in a place like this would be negligent if he took his eyes off of the road over which this truck came, used his

faculties in that way, because it may be necessary in the work he is doing to use his eyes on that work. You may say this was such work that he ought to have bent his energies and his faculties on this work, and you may say that the fact that he kept the flag flying, that you say that he ought to keep the flag up, was as much as the ordinarily careful man would do.

"That is the standard, the care of the ordinarily careful man under the circumstances, taking everything into consideration. That very often does involve, of course, the exercise of all his faculties, but sometimes his faculties are called upon by him to do other things, and it is for you to say in this case whether, knowing what he did, he did what the ordinarily careful man would do under like circumstances."

As to the subject matter of the sixth ruling, the judge further charged the jury in substance as follows:

"A person is not justified in relying wholly upon statutory signals which ought to be given by others, that is, like the tooting of the horn before the automobile approached the corner. That is a good principle of law . . . but it is for you to say whether this man did trust wholly to the precautionary signals of the truck, or whether he did something of himself to announce his presence, to warn people that somebody was there and must be looked out for. . . . I do not go that far in this case [that is, as far as the sixth ruling asked for]: I leave that to you to say whether what this man actually did—he said, as I understood, that he did not look while he was bent over there, he did not look to see whether an automobile was coming, and he did not listen, because his attention was engrossed in what he was doing. I think that is practically the testimony, but you will recall what the testimony was. I leave the whole question to you to say whether he did what a reasonably careful man would do under the circumstances, and the place, and time, and where he was."

The jury found for the plaintiff in the sum of $9,000; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. F. Hathaway,* for the defendant.

*D. R. Radovsky,* for the plaintiff.

JENNEY, J. Adelard L. Dube on February 27, 1919, shortly before eight o'clock on a "clear and cold" morning, was seriously

injured by a motor truck belonging to the Keogh Storage Company and then being used in its business.

The main question is as to the due care of the plaintiff. There was evidence tending to show the following facts: The plaintiff, who was employed by a street railway company which had tracks on Pleasant Street in Fall River, went to the scene of the accident to repair a spring switch connected with the tracks. The switch was located on that street near the corner of Fourth Street. Pleasant Street was forty feet wide and ordinarily much travelled. The plaintiff was alone, upon his knees, facing the west, engaged in tightening a nut in the switch box, using a wrench with his right hand to do the work and holding in his left hand an iron standard with a small flag thereon, which standard extended about three or four feet above the level of the street. As he knelt he looked and did not see any vehicle. He had been in this position about two or three minutes, when he "heard a yell" and was hit by the truck. While at work, he did not look to see if any vehicles were coming, or listen for their approach. He testified, "I couldn't look when I had to tighten up the nut." At the time of the accident, there was no other vehicle near by. The defendant's truck came on Pleasant Street from the west operated at a speed of about fifteen miles an hour. No signal or warning of its approach was given. The driver did not see the plaintiff before the truck hit him.

The evidence justified the submission of the plaintiff's due care to the jury. He was rightfully upon the way. The fact that while engaged in his work, he did not continue to look or listen, was not decisive against him. The case is within the authority of *Goodfellow* v. *Boston, Hartford & Erie Railroad,* 106 Mass. 461, *Hanley* v. *Boston Elevated Railway,* 201 Mass. 55, and *Burns* v. *Oliver Whyte Co. Inc.* 231 Mass. 519. Although it was the duty of the plaintiff to exercise the care of a reasonably prudent person under all the circumstances, he could rely to some extent on the assumption that the driver of the truck would exercise some care to avoid hitting him. *Scanlon* v. *Berkshire Street Railway,* 215 Mass. 554. *Gagnon* v. *Worcester Consolidated Street Railway,* 231 Mass. 160. *Bombard* v. *Worcester Consolidated Street Railway,* 234 Mass. 1. The defendant relies upon *Quinn* v. *Boston Elevated Railway,* 188 Mass. 473, *Kelly* v. *Boston Elevated Rail-*

*way*, 197 Mass. 420, *Carney* v. *Boston Elevated Railway*, 219 Mass. 552, and *Dwyer* v. *Boston Elevated Railway*, 220 Mass. 193. These cases are distinguishable from that under consideration, because the plaintiffs therein knew that their positions were those of undoubted danger, and took no precaution to prevent the receipt of injury.

The defendant does not claim that the evidence did not justify the jury in finding that the operator of the truck was negligent.

The exceptions to the denial of the motion that a verdict be ordered for the defendant, and to the refusal to give its first and second requests for rulings must be overruled.

There remains for consideration only the exception "to so much of the charge pertaining to requests 5 and 6 as was not given in form or substance." Considering this exception broadly, and as not limited to the charge, we think there was no reversible error. The instructions given, taken as a whole, correctly covered the subjects referred to in these requests, so far as they were pertinent to the case on trial.

*Exceptions overruled.*