ANDREW H. REYNOLDS *vs.* PATRICK F. MURPHY.
HARRY N. REYNOLDS *vs.* SAME.

Suffolk. March 14, 1922. — April 13, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Motor Vehicle. Way. Trespass. Negligence,* Contributory. *Evidence,* Presumptions and burden of proof.

A person driving a motorcycle is not rendered a trespasser on the highway by stopping there temporarily to repair the motorcycle, and, while so doing, he is entitled to the rights of a traveller.

In an action for personal injuries received on a highway between 8:30 and 9 o'clock in an evening in April when a motor vehicle owned by the defendant came from behind the plaintiffs and struck them while they were engaged in repairing a motorcycle on which they had been riding and which they had stopped to repair on their right hand side of the highway, there was evidence that the plaintiffs stopped the motorcycle around a curved end of a road at a point from which one could see three hundred and fifty or four hundred yards back in the direction from which the motor vehicle which struck them came, and ahead approximately four hundred yards. There also was evidence warranting a finding that the plaintiffs undertook to repair their machine within a foot and a half of the edge of the road, that both the front and rear lamps thereon were lighted, that they were directly under a lighted gas light, that the street

was well lighted, that one of them occasionally looked up for the purpose of seeing passing motor vehicles and that no signal was given by the driver of the defendant's car. *Held*, that

(1) It could not properly have been ruled that the plaintiffs placed themselves in a position of obvious danger, and that they thereafter abandoned all care for their safety;

(2) The circumstance that the plaintiffs did not continuously watch for approaching motor vehicles was not conclusive against them;

(3) While the plaintiffs were bound to exercise reasonable care for their protection, they could rely to some extent upon the belief that other travellers on the way would not carelessly run over them;

(4) Under St. 1914, c. 553, the plaintiffs were presumed to have been in the exercise of due care and contributory negligence on their part was an affirmative defence to be set up in the answer and proved by the defendant;

(5) It could not have been ruled as a matter of law that the plaintiffs were lacking in due care because, for the purpose of making the necessary repairs, they did not take their machine to one of the adjacent streets where there was less traffic;

(6) It could not have been ruled as a matter of law that the plaintiffs were lacking in due care because they did not convey their machine to a place under a powerful electric light on a street not far distant from where they stopped or because they did not proceed to a garage;

(7) Whether the plaintiffs were negligent in all the circumstances was a question of fact for the determination of the jury.

TWO ACTIONS OF TORT for personal injuries received when the plaintiffs were struck by a motor vehicle owned by the defendant and driven by his servant or agent while they were repairing their motorcycle on the Revere Beach Parkway in Chelsea between 8:30 and 9 o'clock in the evening of April 7, 1918. Writs dated April 18 and May 16, 1918.

In the Superior Court the actions were tried together before *O'Connell*, J. The material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in each action for the defendant. The motions were denied. The jury returned a verdict for the plaintiff Andrew H. Reynolds in the sum of $4,000; and for the plaintiff Harry N. Reynolds in the sum of $6,000. The defendant alleged exceptions.

*W. R. Sears*, (*C. M. Gordon* with him,) for the defendant.

*J. W. Vaughan*, for the plaintiffs.

CROSBY, J. These are actions of tort to recover for personal injuries received by the plaintiffs who were struck by the defendant's automobile while repairing their motorcycle on the Revere Beach Parkway, a public way in Chelsea, on Sunday evening

April 7, 1918, between 8:30 and 9 o'clock. At the time of the accident the automobile was operated by one Parks, a chauffeur in the employ of the defendant and acting within the scope of his employment. At the close of the evidence, the defendant presented a motion in each case that a verdict be ordered in his favor. The motions were denied subject to the defendant's exceptions.

The only question presented is whether there was any evidence of due care on the part of the plaintiffs. They were brothers and were on their way home at the time of the accident. There was evidence that, when they arrived at a point on the parkway near Reynolds Avenue, the driving chain on their motorcycle broke; that they continued to coast along past the intersection of Reynolds Avenue with the parkway for a space of fifty or sixty feet, and then dismounted and pushed the machine about the same distance farther, and stopped under a gas light on the side of the road within a foot and a half of the edge of the grass on the extreme right hand side toward Washington Avenue, the direction in which they were travelling, and proceeded to repair the broken chain; that the gas light was on the edge of the grass; that the chain had wound around the sprocket and at the time of the accident the plaintiff Andrew was trying to pry it out, and Harry stood beside him pulling on the chain with a pair of pliers; that they were on the side of the machine opposite the grass plot, and while so at work were struck by the defendant's automobile going in the same direction in which they had been travelling and both were seriously injured; that large numbers of automobiles passed along this road at the time and place in question. There was other evidence that at the time of the accident the defendant's machine was the only one in that immediate vicinity.

The plaintiffs were not trespassers on the highway because they stopped there temporarily to repair their motorcycle, but were entitled to the rights of travellers. *Smethurst* v. *Barton Square Independent Congregational Church*, 148 Mass. 261, 266. *Commonwealth* v. *Henry*, 229 Mass. 19, 22.

Although there was evidence that at the place of the accident the way was poorly lighted and dark, there was other evidence that at that point the parkway was well lighted by gas lamps set at intervals on the grass plot between the sidewalk and road-

way. While it was shown that the place where the plaintiffs stopped was around the end of a curve in the road, the plaintiff Andrew testified that he could see ahead of him approximately four hundred yards, and looking back in the direction in which the automobile came one could see three hundred and fifty or four hundred yards; "that you could see around the curve and down the parkway from where they were standing; that the gas lights on the street were lighted at the time of the accident; that the street was a well lighted street;" that both the front and rear lamps on the motorcycle were lighted; that while he was working on his motorcycle automobiles passed him, — he could not see how many "but that every once in a while he would look up and see them pass and hear them; that he did not hear the automobile that struck him approach; that he did not see it coming; that he heard no horn." His brother also testified that he heard no warning of the approach of the defendant's automobile.

If, as could have been found, the plaintiffs undertook to repair their machine within a foot and a half of the edge of the road, that both the front and rear lamps thereon were lighted, that they were directly under a gas light, that the street was well lighted, that Andrew occasionally looked up for the purpose of seeing passing automobiles, and that no signal was given by the driver of the defendant's car, it could not properly have been ruled that they placed themselves in a position of obvious danger, and that they thereafter abandoned all care for their safety. The circumstance that they did not continuously watch for approaching automobiles is not conclusive against them. While they were bound to exercise reasonable care for their protection, they could rely to some extent upon the belief that other travellers on the way would not carelessly run over them. *Bombard* v. *Worcester Consolidated Street Railway*, 234 Mass. 1. *Dube* v. *Keogh Storage Co.* 236 Mass. 488.

The plaintiffs are presumed to have been in the exercise of due care and contributory negligence on their part is an affirmative defence to be set up in the answer and proved by the defendant. St. 1914, c. 553.

It could not have been ruled as matter of law that they were lacking in due care because they did not take their machine to one of the adjacent streets, where there was less traffic, for the

purpose of making the necessary repairs, or that they did not convey it to a place under a powerful electric arc light on Reynolds Avenue not far distant from where they stopped, or that they did not proceed to a garage. Whether they were negligent under all the circumstances was a question of fact for the determination of the jury. *Patrick* v. *Deziel,* 223 Mass. 505. *Dube* v. *Keogh Storage Co. supra.*

The cases of *Quinn* v. *Boston Elevated Railway,* 188 Mass. 473, *Kelly* v. *Boston Elevated Railway,* 197 Mass. 420, and *Dwyer* v. *Boston Elevated Railway,* 220 Mass. 193, relied on by the defendant, are distinguishable in their facts from those in the cases at bar.

*Exceptions overruled.*