EDWARD O'NEILL *vs.* MIDDLESEX AND BOSTON STREET
RAILWAY COMPANY.

Middlesex.    March 12, 1923. — April 13, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Contributory, Street railway.

At the trial of an action against a street railway corporation for personal injuries
sustained when on a dark night in January in a sparsely settled locality a
street car of the defendant collided with a motor truck owned and oper-
ated by the plaintiff's brother and stalled on the westbound track of the
defendant, which was outside the travelled part of the highway, there was
evidence that the plaintiff saw the street car when it was about two hun-
dred yards away and paid no attention to it after he saw it until it struck the
motor truck; that his brother ran up the track and tried to stop the car, that
he heard him yell at the motorman and that the car kept coming at the same
speed and did not slacken its speed at all; that the plaintiff at that time was
standing on the right hand side of the truck, with the hood up, practically
facing the street car and that, if he had raised his eyes at any time he would
have seen that the car was coming close; that by stepping back into the street
or over to the other track at any time he would have been in a place where
there would have been no danger to him and, if he had walked up two or three
feet in the direction that the car was coming, the car, when it struck the
truck, would not have pushed the truck against him. *Held,* that

(1) The only inference that could be drawn from the evidence was that
the plaintiff's lack of care contributed to his injury;

(2) A verdict for the defendant properly was ordered.

TORT for personal injuries sustained by the plaintiff when
an electric car of the defendant collided with a motor truck
owned and operated by the plaintiff's brother which had become
stalled on the track of the defendant on West Central Street,
a public highway between Natick and South Framingham, and
by the side of which motor truck the plaintiff was standing at
the time of the collision, endeavoring to locate the trouble with
the motor.    Writ dated April 9, 1917.

The action was tried before *Sisk,* J.    Material evidence is de-
scribed in the opinion.    At the close of the evidence the defendant
moved that a verdict be ordered in its favor.    The motion was
denied.

The judge charged the jury on the questions of due care of

the plaintiff, negligence of the defendant, damages and whether or not the plaintiff knew or had reasonable cause to know that the motor truck was not registered. The jury returned a verdict for the plaintiff in the sum of $2,250. After the return of the verdict, and before the recording thereof, the judge reserved leave, with the assent of the jury, to enter a verdict for the defendant, if upon the exceptions taken or the questions of law reserved, the Superior Court or this court should decide that such verdict should have been entered; and thereafter, it appearing to the trial judge that a verdict ought to have been entered for the defendant, he ordered such verdict to be entered in accordance with the leave reserved, and by agreement of the parties and at their request reported the case to this court.

*H. W. Packer & J. W. Allen,* for the plaintiff.

*J. P. Carr,* for the defendant.

DE COURCY, J. The accident occurred in a sparsely settled locality on West Central Street, a public highway between Natick and South Framingham. North of the travelled portion of the road was an unwrought space which was occupied by double car tracks. The plaintiff and his brother Hugh at about nine o'clock on the night of January 5, 1917, were returning from South Framingham in an auto truck owned and operated by Hugh. The car skidded on the icy street over to the nearer or eastbound track; and after going some distance in that track the engine stalled. An electric car bound for Natick approached from behind, and the plaintiff and his brother pushed the auto upon the westbound track, and let the car pass. Soon afterwards the plaintiff noticed another electric car coming from Natick on this westbound track. The plaintiff's testimony was that he saw it when about two hundred yards away; that his brother ran up the track and tried to stop it; but that the car continued on until it struck the automobile and he was thrown aside and injured. In the course of his cross-examination appears the following: "Q. But you cranked it for a while? A. Yes. — Q. And the car kept on coming all the time? A. Well, I didn't look.—Q. You didn't notice much about it? A. No.—Q. Did you see the car again after you first saw it two hundred yards away, until it struck? A. No. — Q. You didn't pay any attention to it at all? A. No. I didn't look.— Q. You didn't pay any attention

to the car after you saw it coming two hundred yards away, until it struck the automobile? A. No. — Q. Is that right? A. Yes. . . . — Q. So that you heard your brother yell at the motorman, and it kept coming at the same speed, didn't slacken up at all; is that right? A. Yes. — Q. And you were standing on the right hand side of the auto at that time, with the hood up? A. Yes. . . . — Q. And when you were standing there, if you had turned your eyes in the direction of the car, you would have seen it, wouldn't you, and seen how close it was? A. Yes. — Q. And you were, as you stood there, on the further side of the auto like that (illustrating); you were practically facing the car? A. Yes. — Q. So that if you had just raised your eyes at any time, you would have seen that the car was coming close, wouldn't you? A. Yes. . . . — Q. And if you had wanted to step back into the street or over on the other track at any time, you could have gotten out into a place where there wouldn't have been any danger to you; that's true, isn't it? A. Yes. But I wanted to get the track clear. . . . — Q. if you had walked up two or three feet in the direction that the electric car was coming, then when the electric car struck the automobile it wouldn't have pushed it against you, would it? A. No. — Q. And you wouldn't have been injured in any way. A. Of course not."

The plaintiff had been employed as a chauffeur, and had also done repair work on automobiles. This testimony as to his conduct at the time of the accident was in no respect controlled by his remaining testimony or that of his brother, or the motorman, — the only witnesses to the accident. In *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, which arose since the enactment of the due care statute (St. 1914, c. 553) it was said (page 379): "Where from the facts which are undisputed or indisputable, or shown by evidence by which the plaintiff is bound, only one rational inference can be drawn and that an inference of contributory negligence or want of due care, then the question of due care or contributory negligence is one of law for the court and a verdict for the defendant should be directed." We are unable to draw any inference from the evidence except that the plaintiff's lack of care contributed to his injury. Apparently he relied entirely on the motorman to bring the electric car to a stop before it reached the automobile. But the night was

dark, and the auto was where the motorman would not expect a vehicle to be. And although the plaintiff saw the car when it was two hundred yards away, and heard it approaching with undiminished speed, he needlessly remained in a place where he was sure to be hit, when a step or two would have placed him beyond danger of injury. Without considering the other defences, the ordering of a verdict for the defendant was justified on this ground. *Lawrence* v. *Fitchburg & Leominster Street Railway*, 201 Mass. 489. *Gibb* v. *Hardwick*, 241 Mass. 546. *Dwyer* v. *Boston Elevated Railway*, 220 Mass. 193.

Judgment must be entered on the verdict for the defendant; and it is

*So ordered.*